POYDRAS *vs.* PATIN ET AL.

EASTERN DIS.
*February*, 1833.

POYDRAS
*vs.*
PATIN ET AL.

5L 127
45 1428
5L 127
51 1059
5 127
120 100

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the appeal bond is given for the sum ordered by the judge, the appeal is devolutive, although the sum does not exceed by one half the amount of the judgment.

It is not absolutely necessary that the appeal bond should be signed by the appellant *in propria persona,* or by any person for him not legally authorised.

A fact is considered established, if proved by evidence which is not the best the nature of the case admits of, but which is received without exception.

The plaintiff seeks to recover the amount due upon three promissory notes; of one of which he is the payee; of another, the universal heir of the payee; and of the third, the assignee of the payee. The notes had been given by Gertrude Patin, and her husband, Pierre Abadie.

The defendants pleaded the general denial. Judgment was rendered against them.

The amount of the judgment was two thousand eight hundred and seventy dollars and forty-one cents. The amount of the appeal bond was three thousand dollars. The bond stated, that "we, Gertrude Patin, widow Berciron, wife of Pierre Abadie, duly authorised by her said husband, as principals; and Hypolite Patin and James Mitchell, as securities," &c. It was signed "Gertrude Patin, by her husband, Pierre Abadie, Pierre Abadie, Hypolite Patin, James Mitchell."

*Denis,* for appellant.

1. This cause is the same that was tried before this honorable court in..................No........of the docket of this honorable court. And plaintiff could not be admitted to maintain a second suit on the same cause of action; the first having

EASTERN DIS. *February*, 1833.

POYDRAS
*vs.*
PATIN ET AL.

been finally tried and adjudicated upon. It formed in favor of defendants the exception of *res judicata.*

2. The notes on which this suit is brought, were extinguished, as appears by the endorsement or memorandum on them, made by plaintiff before the institution of this suit.

3. The judge of the District Court ought to have continued the cause, or granted a new trial, when he was informed, by affidavit, that A. Davezac, Esq., had been engaged to defend this suit, and that he had promised to attend. And that, therefore, the defendant had every reason to expect him, and that he did not attend. And also, when they were informed that Lloyd had been engaged, and that he departed the day previous to the trial of the cause.

*Slidell*, on the same side, contended:

1. That the testimony of George Richardson ought not to have been received; the petition contains no allegation to authorise it. If received properly, the contract was not binding, the wife not being authorised by her husband; further, the agreement, if entered into, was fraudulent and without a cause.

2. Madam Abadie is not liable, unless it be shown that the contract turned to her benefit.

3. There is no evidence of a transfer of the note drawn in favor of Julien Poydras.

*Cuvillier*, for appellee.

1. The appeal bond is signed by no principal, and therefore could be recoverable against nobody.

2. The bond is not given for one half above the amount of the judgment appealed from.

MATHEWS, J. delivered the opinion of the court.

This suit is brought to recover the amount of several promissory notes, made by the defendant, Patin; one payable to the plaintiff for two thousand two hundred and fifty-two

dollars and thirty-four cents; another for one hundred and sixty dollars, payable to one Frederick Marenville; and a third payable to the late Julien Poydras, for four hundred and fifty-seven dollars and fifty-seven cents. The petitioner also claims interest to the amount of two hundred and eighty-seven dollars and fifty cents. The answer of the defendant is a general denial. Judgment was rendered in the court below in favor of the plaintiff, for the principal sums claimed, viz: two thousand eight hundred and seventy dollars and forty-one cents, with legal interest from the judicial demand; from which the defendant appealed. Pending the appeal she became insolvent, and it is now prosecuted by her syndic *ad litem* or *ad hoc.*

A motion is made on the part of the appellee to dismiss the appeal on two grounds: First, because the appeal bond is not properly executed, not being signed by the appellant; and, secondly, because the bond was not given for a sufficient amount. This instrument purports to be signed by the defendant, through the agency of her husband, as principal, and James Mitchel, as surety; and is given for the sum ordered by the judge who granted the appeal. This sum does not exceed, by one half, the amount of the judgment; and in consequence of the deficiency, the appeal ought, probably, not to have been considered as suspensive. *Code of Practice*, 574, 575; and 2 *La. Reports, p.* 88. But as the bond was given for the amount ordered by the judge, the appeal is clearly devolutive; and in this respect subjects the case to revision by the appellate court. The first ground assumed by the appellee to have the appeal dismissed, is equally untenable; even admitting that the bond was not signed by the defendant *in propria persona,* nor for her by any person legally authorised to that effect. The question raised, in the present case, has long since been settled by this court favorably to the pretensions of the appellant. *See* 9 *Martin's Reports, p.* 1, the case of *Richardson* vs. *Tena;* and 10 *ibid, p.* 74, the case of *Doane* vs. *Farron.*

After the judgment was rendered in the court below, the defendant moved for a new trial; and her counsel contends,

*Where an appeal bond is given for the sum ordered by the judge, the appeal is devolutive, although the sum does not exceed, by one half, the amount of the judgment.*

*It is not absolutely necessary that the appeal bond should be signed by the appellant in propria persona, or by any other person not legally authorised*

that the District court erred in refusing it, and consequently that it ought to be ordered by this court, and the cause remanded for that purpose. The principal grounds on which a new trial was claimed, are set forth in an affidavit of the husband of the defendant, found in pages twenty and twenty-one of the record. This affidavit discloses nothing material, except alleged errors in conducting the cause; and contains no good reasons why the cause should have been continued; and as a necessary consequence, no legal grounds for a new trial. A jury had been prayed for, which was waived by consent of counsel, and the cause was agreed to be tried absolutely on a day fixed.

As to the merits, the defence is, that the notes on which the action is based, had been novated and cancelled previous to its institution. To ascertain whether these facts be true, it became necessary to give a concise statement of some occurrences which happened before the institution of the present suit. In March, 1816, the defendant being indebted to the plaintiff, a settlement of their accounts took place, through the agency of the husband of the former, and a payment was by her made at that time. Amongst the items placed to her debt, were the notes now in question; and also an hypothecary obligation, amounting with interest, to the sum of five thousand six hundred and ninety-nine dollars and fifty-seven and three quarter cents. The payment made on account at that time, was four thousand three hundred and sixty-two dollars and eighty-seven and a half cents. The creditor took upon himself to impute this payment to the notes now sued on, and some other items, in the account current; and afterwards attempted to proceed against his debtor for the recovery of the sum secured by the hypothecary obligation. The proceedings in that case were stayed by injunction, which ended in a decree of the court, directing the payment made on account, to be imputed to the discharge of the hypothecary debt, as being the most onerous, no imputation having been made by consent of the parties at the time of payment. *See* 6 *N. S. p.* 26.

The notes now in question, although purporting to have been paid off and cancelled, were retained by the creditor. The objections arising out of these promissory notes, can be considered as discharged only by payment or novation. No payment has been made in consequence of the charge of imputation ordered in the decree of the Supreme Court referred to, and which was made at the instance of the present defendant. Neither did any novation take place by the settlement of accounts between the parties in 1816. It does not appear that the debtor gave any new obligation by which the first must be presumed to have been cancelled and annulled. No new debtor was substituted in the place of the former, for the husband acted, not in his own right in relation to that settlement, but as agent for his wife, who was the real debtor.

Admitting this to be true, objections are made to the plaintiff's right to recover the amount of the two smaller notes sued on; one for one hundred and sixty dollars and forty cents, made payable to Marenville, and the other for four hundred and fifty-seven dollars and fifty-seven cents, to Julien Poydras. The first of these notes the plaintiff claims right to as heir to the promiser; on the trial of the cause, he proved his heirship by parol evidence. This, perhaps, was not the best the nature of the case admitted, but it was received without exception, and ought to be considered as establishing this fact. The right to recover the sum promised to Julien Poydras, is claimed by the plaintiff as assignee. The statement of facts found on the record, does not show any regular assessment made by the payee of this note, to him. But his right to recover payment seems to have been acknowledged by the defendant in the settlement of accounts above alluded to, and which makes a part of the evidence in the present case. This we deem to be sufficient to authorise a recovery of this part of the plaintiff's claim.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.