WESTERN DIST.

*September*, 1836.

TIPTON
*vs.*
MAYFIELD'S
CURATOR.

---

### TIPTON *vs.* MAYFIELD'S CURATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF LAFAYETTE.

Where a judgment has been obtained in another state, and offered as evidence of the debt or claim against the party in this state, and it appears from the record, that an appearance was entered for the defendant by an attorney, and issue taken on his plea of payment, the authority of the attorney to appear and defend the suit, *will be presumed :* Such a judgment will be evidence of the debt here.

Where the transcript of the record is certified from another state, according to the act of Congress on that subject, and the judgment is stated to be in due form of law, the same faith and credit will be given to it here, that it would be entitled to there.

This is an action against the defendant as curator of the vacant estate of Elisha B. Mayfield, deceased, founded on a judgment alleged to have been rendered against said Mayfield for one thousand two hundred and sixty-seven dollars

WESTERN DIST. and ninety-five cents, on the 22d of May, 1824, in favor of
*September*, 1836. S. H. Williams and D. C. Mitchell, in the state of Tennessee.

TIPTON
*vs.*
MAYFIELD'S
CURATOR.

The present plaintiff alleges that he is the agent of the plaintiffs in said judgment, and demands the amount due on the same, (after allowing some credits) from the curator of the deceased debtor.

The defendant pleaded a general denial, and averred that at the time the suit alluded to in the petition was instituted in Tennessee, the said Elisha B. Mayfield was a resident of the state of Louisiana ; that he never was served with the writ that issued in said suit, and *could not* be legally cited there when he resided here. He further averred that said judgment is a nullity, and cannot be the basis of an action. He also pleads the prescription of ten and five years; and that the plaintiff's demand be dismissed.

The plaintiff in an amended petition alleges, that the deceased, Elisha B. Mayfield, made no objection to the judgment sued on in his life time ; but on the contrary, expressly acknowledged that he was indebted for the said amount, and paid a part of it, which he endorsed at the foot of the record of said judgment.

Upon these issues and pleadings the parties went to trial.

The plaintiff offered in evidence the record and judgment rendered against Mayfield, in the state of Tennessee, to prove his demand, which was objected to by defendant's counsel, on the ground that it was not evidence against Mayfield, as he was not a party to it, and could not be a party, as he lived in the parish of Lafayette (Louisiana) at the time said suit was brought in Tennessee ; and offered to prove by parole evidence, that said Mayfield was at that time a citizen of Louisiana. This testimony was objected to, and the objection being sustained by the court, the record was admitted, and a bill of exceptions taken.

The record and judgment showed that in October, 1823, S. H. Williams and D. C. Mitchell, plaintiffs, sued out a *capias ad respondendum* against William Mayfield and Elisha B. Mayfield, defendants, on which was the following sheriff's return.

"Issued 27th October, 1823.    Came to hand the day
issued, and executed."

"JAMES H. YOUNG, D. S."
"November, 1823."
The declaration was then filed.                /
"Plea, payment."

*Haniest, Field* and *Young*, for defendants.

A jury was empannelled and the case proceeded to final judgment *in solido* against the defendants in the common law form.

The partial payment made and endorsed on the record by Mayfield, in his life time, was proven.

It was proved on the part of the defendant, that Mayfield was in Louisiana in May and June, in 1823.   It was also proved that Mayfield came to live in the parish of Lafayette in the early part of the year 1823, and continued to reside there until his death in 1833.

The judge of Probates gave judgment for the plaintiff, and the defendant appealed.

*Mouton*, for plaintiff.

1. The Court of Probates properly overruled the objection of defendant to the introduction of the transcript of the record, in the suit from Tennessee, against Mayfield; because it is authenticated according to the act of Congress. *Ingersoll's Digest, page* 76, *section* 1*st*, 5 *Martin, N. S.*, 128-9.

2. Elisha B. Mayfield, one of the defendants in said judgment, appeared by counsel and pleaded in said suit. Though the citation may be irregular or null, as to the manner in which it was served, yet he is bound by the judgment as if he had been regularly cited.   3 *Cranch*, 496.   4 *Martin, N. S.*, 286.

3. Elisha B. Mayfield, in his life time, paying a sum of money on account of said judgment, and writing the receipt for it in *his own hand* at the end of *the transcript* of the record upon which this suit is brought, is a sufficient acknowledgment of the whole debt.

WESTERN DIST.
September, 1836.

TIPTON
vs.
MAYFIELD'S
CURATOR.

*Crow*, for defendant.

The judgment rendered by the court of Quarter Sessions of Giles county, in the state of Tennessee, against Elisha B. Mayfield, is null and void.

1. Because Elisha B. Mayfield never was legally cited, as he resided in Louisiana at the time it was brought, and had lived permanently in the parish of Lafayette long before. 5 *Johnson*, 37.

2. The judgment is null because it contains none of the reasons on which it was given. 5 *Martin's Reports*, 686.

3. It is null and void, and cannot have the effect of *res judicata*, until it is signed by the judge of the court in which it was rendered. 5 *Martin, N. S.*, 105. 8 *Johnson*, 270.

4. The contract is governed by the laws of the place where it is sought to be put in force, unless the law of the country where the contract is made is proven to the court. 4 *Martin, N. S.*, 419.

5. The copy of the execution is no evidence that judgment was rendered properly. 2 *Martin's Reports*, 245.

6. A judgment against two, without stating that they are bound *in solido*, makes each responsible for his *virile* share. 4 *Martin, N. S.*, 317. *In this case there were three defendants.*

*Bullard, J.*, delivered the opinion of the court.

This is an action to recover of the succession of Elisha B. Mayfield, the balance due on a judgment rendered by the Court of Pleas and Quarter Sessions of Giles county, in the state of Tennessee, jointly against William Mayfield and the defendant's intestate. The defence set up is, that at the time the judgment was rendered, Mayfield was an inhabitant of Louisiana, and that as to him the judgment is a nullity. He further pleads payment and prescription.

In a supplemental petition the plaintiff alleges, that the deceased in his life time made no objection to the claim, but did formally and expressly acknowledge that he owed the amount of the judgment. This is denied.

The curator of the estate is appellant from a judgment, by which he is considered to pay the balance of the judgment obtained in Tennessee.

It is contended that the judgment rendered in Tennessee is null and void.

I. Because Mayfield was never legally cited, but resided in Louisiana at the time the suit was brought and judgment rendered. To this objection we think it a sufficient answer, that an appearance was entered for him by an attorney at law, and issue was taken on his plea of payment. We must presume the attorney had his authority to appear and defend the suit.

It is further urged that it is null, because no reasons are given, and because it is not signed by the judge of the court in which it was rendered.

The transcript of the record is certified by the clerk of the court, under its seal, and the presiding judge certifies under his seal, that the authentication is in due form of law. The whole appears to us to conform to the act of congress on that subject. We are satisfied that a judgment rendered as this was by the court, on the verdict of a jury, would be valid in Tennessee, because it is certified to be in due form of law ; and we are bound to give it the same faith and credit here, to which it would be entitled in that state.

The Court of Probates condemned the defendant to pay the whole amount of the judgment rendered jointly against two. There is an admission in the record, that the laws of Tennessee authorize such a judgment, although by the laws of this state it would be otherwise. It has been intimated to this court, that such an admission is not to conclude the defendant, if it should be found to have been made in error.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.

---

WESTERN DIST.
September, 1836.

TIPTON
vs.
MAYFIELD'S
CURATOR.

Where a judgment has been obtained in another state, and offered as evidence of the debt or claim against the party in this state, and it appears from the record that an appearance was entered for the defendant, by an attorney, and issue taken on his plea of payment, the authority of the attorney to appear and defend the suit, will be presumed: such a judgment will be evidence of the debt here.

Where the transcript of the record is certified from another state, according to the act of congress on that subject, and the judgment is stated to be in due form of law, the same faith and credit will be given to it here, that it would be entitled to there.