SMITH ET AL.
*vs.*
VANHILLE ET AL.

Even where the
husband knows
of the adulte-
rous conduct
of his wife, but
continues to live
with her, and be-
comes recon-
ciled to his own
dishonor, and
takes upon him-
self to punish or
to reform her,
without appeal-
ing to the law, it
is questionable
if he can after-
wards be permit-
ted to complain.

SMITH ET AL. *vs.* VANHILLE ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The execution of an appeal bond, in the sum required by the order granting the appeal, is a condition precedent, and is required before the right of appeal becomes absolute, or before the appellee is bound to take any steps to have his judgment affirmed.

If the appeal bond is defective, for want of the amount or sum fixed by the judge, the appellee may have the appeal dismissed.

The appellant cannot deprive the appellee of his right to a dismissal of the appeal by any act posterior to service of citation.

In this case the plaintiffs took an appeal from the judgment of the district court rejecting their demand, returnable "on the *fourth Monday in August.*"[*] The sum fixed by the judge, for which an appeal bond was to be executed, was two hundred dollars. The bond was given in the sum of one hundred and fifty dollars only, and made payable to but two of the appellees, when there were several more.

On the first day of the court the appellant deposited fifty dollars with the clerk to make up the deficiency in the appeal bond.

*Lewis,* for Vanhille and O. Guidry, two of the appellees, moved to dismiss the appeal, on account of the insufficiency of the appeal bond.

1. Because the appellants have not executed such a bond as the law requires.

2. The bond is not given for the amount fixed by the judge in granting the appeal, but for a much smaller sum.

*Brownson,* for the plaintiffs and appellees, contended, that the mistake in not taking the appeal bond for the whole sum fixed by the judge was committed by the clerk, and ought not to prejudice the rights of the appellant, as it was not through his fault or negligence.

2. The sum sufficient to make up *that* required in the bond was promptly deposited with the clerk, at the beginning of the term or session of the court, which ought to answer the demands of law and the justice of the case.

*Martin, J.,* delivered the opinion of the court.

B. Vanhille and Onezime Guidry, two of the defendants and appellees, have moved the court to dismiss the appeal, on a suggestion that the bond is given for a less sum than that fixed by the judge.

The motion is resisted on an allegation, that, on the day preceding the one on which the court met, the appellant

*WESTERN DIST.*
*September,* 1836.

SMITH ET AL.
*vs.*
VANHILLE ET AL.

The execution of an appeal bond in the sum required by the order granting the appeal, is a condition precedent, and is required before the right of appeal becomes absolute, or before the appellee is bound to take any steps to have his judgment affirmed.

[*] This is the day fixed by law for the annual commencement of the sessions of the Supreme Court at Opelousas.

WESTERN DIST. paid into the hands of the clerk a sum, which, added to the September, 1836. penalty of the bond *given*, makes it equal to the entire sum fixed by the judge in the order of appeal.

The appellant cannot deprive the appellee of his right to a dismissal of the appeal, by any act posterior to service of citation.

The execution of a bond in the sum required by the order of the judge is a condition precedent, the performance of which is requisite before the allowance of the appeal becomes absolute. If it be not performed, the party, in favor of whom the judgment was rendered, need not take any steps to have it affirmed. He may content himself with pursuing the necessary means to have the appeal dismissed.

It is not in the power of the appellant to deprive the appellee of this advantage by any act posterior to the service of citation.

It is, therefore, ordered that the appeal be dismissed.