EDMUND W. TIPTON, Agent, *v.* BASIL C. CROW.

3r 63
51 1548

Where the amount fixed by the judge for the appeal bond, is less than that required by law to render the appeal suspensive, it will be good as a devolutive one ; the bond, in the latter case, being only to secure the payment of the costs.

APPEAL from the District Court of La Fayette, *King,* J.

*Voorhies,* for the appellant.

*Crow, propria persona,* and *Porter,* contra.

SIMON, J. The plaintiff's claim is founded on an appeal bond, subscribed by the defendant as security, for the sum of $300, and given in a suit in which, judgment having been rendered in favor of the plaintiff against one J. B. Mudd, curator of the estate of E. B. Mayfield, the latter took an appeal which was brought up before this court. 10 La. 189. The judgment appealed from, and affirmed by this court, was for the sum of $1278 56, with interest. Plaintiff's claim is also founded upon the alleged fact that a blank sheet of paper signed by said J. B. Mudd, one P. M. Wilkins, and the defendant, was found among the papers of the estate of Mayfield, deposited in the office of the parish judge of the parish of La Fayette, which was intended to be filled up with a bond to be given by the said curator, for the surety of his administration as such. It is alleged that the defendant signed it as the security of J. B. Mudd, and that the said blank sheet of paper, so signed, ought to have the effect of a regular curator's bond, and that it is as binding upon the securities as though the same had been written out in full. Plaintiff prays that the defendant may be condemned to pay him the amount of the judgment affirmed by this court, after deducting the credits to which the defendant may be entitled, for payments made since the judgment.

Issue having been joined by the defendant, who avers in his answer that he never became security for Mudd as curator of the estate of Mayfield, and that he is not bound or liable to the plaintiff as by him alleged in his petition, the latter thought proper to probe the defendant's conscience, and to propound to him interrogatories in order to ascertain the circumstances under which the blank sheet of paper was signed. The purport of the defendant's answers to the interrogatories is, in substance, that, the sheet of paper in question bears his signature, but that he cannot say for what purpose it was so signed, and that he never considered himself security of Mudd as curator of Mayfield's estate.

There was judgment below in favor of the plaintiff for sixty dollars, from which he has appealed.

*First.* The order of appeal granted in the suit in which the appeal bond sued on was given, requires the appellant to give security in the sum of three hundred dollars, although the judgment appealed from was for a much larger sum ; and this court has often decided, that where the judge directs an amount for the bond less than that required by law for a suspensive appeal, it will be good as a devolutive one. 5 La. 129. The appeal was, therefore, merely devolutive, and in such case, the object of the bond is to secure the payment of the costs only. Code of Pract. art. 578. The defendant in this suit cannot, consequently, be bound for more than the costs, which have been shown to amount to sixty dollars only.

*Second.* Nothing in the record shows that the blank sheet of paper sued on as signed by the defendant, was signed in order that a curator's bond might be written over the signatures. No order of the Court of Probates accepting the curator's securities, or fixing the amount of the bond, or even requiring a bond to be furnished, has been produced ; and it is impossible to say what may have been the object of those who signed the paper. Nay, the idea of its being for the purpose of being made a curator's bond, is negatived and removed by the answers of the defendant to the interrogatories, in which he says that he never considered himself security of Mudd as curator of Mayfield's estate. This shows that when he signed the paper, he did not *then* consider himself as contracting the obligation for which he is now sued. The answers of the defendant to the plaintiff's interrogatories stand uncontra-

dicted, and it would require very strong proof to destroy their ef-fect. The facts that the defendant acted, on many occasions, as the counsel of the curator; that the blank paper was found among the papers of Mayfield's successioni n the parish judge's office; and that the defendant was appointed and also acted as the counsel re-presenting the absent heirs of the deceased, might perhaps raise a presumption that he was not ignorant that his client had furnished no bond; but such circumstances are very far from being sufficient to make us presume that the paper in question was signed by him as the curator's security, and cannot in any way counterbalance or affect the faith and credit which we feel disposed to put in the statement under oath of a member of the bar, whose veracity we have never had any occasion to suspect.

*Judgment affirmed.*