GEORGE N. PARKS, Guardian of James Brown Tompkins, and Georgiana Tompkins, Minor Heirs of John M. Tompkins, deceased. *v.* THOMAS R. PATTEN.

The appellee is not entitled to a dismissal of the appeal, where the bond is not equal to the amount required for a suspensive appeal, but is sufficient for a devolutive one. Where a succession has been opened here, a guardian of the minor heirs, appointed in another State, cannot take out execution on a judgment for a debt due to the succession. As a succession can only be accepted for minors with the benefit of inventory (C. C. 346), an administrator must be appointed, and he alone can sue for, or receive debts due to it.

APPEAL from the District Court of Carroll, *Curry*, J.

SIMON, J. The record in this case comes up in a very imperfect state, and the appellee has filed a motion to dismiss the appeal, on two grounds:

*First*, That the appeal bond is insufficient, as it is not given for the amount required by law.

*Second*, That the record comes up in such a mutilated state, that it is impossible for this court to do justice upon the merits.

I. The bond is for two thousand dollars, which is the amount fixed by the judge *a quo*. It is true, it is not quite equal to one-half over the amount of the judgment, but, we think, this is not sufficient to dismiss the appeal, as, if the filing of the bond could not operate as a suspensive appeal, it was clearly sufficient for a devolutive one. 5 La. 129.

II. It is true, the certificate of the clerk is insufficient, as it

states that the testimony, which was not reduced to writing on the trial of the cause, is not copied in the record ; but the appellant has assigned error on the face of the record, and has called our attention to certain points arising out of the proceedings, which, if successful, must destroy the plaintiff's action. We shall, therefore, proceed to consider the errors assigned, without noticing the merits of the case.

One of the errors assigned, is, that the inferior court erred in overruling the exception to the capacity of the plaintiff ; and it is contended that the estate of the minors' father, to which the debt sued on belongs, having been opened in the State of Louisiana, and being yet unsettled, the plaintiff has no right to institute this action as guardian of said minors ; but that he should have qualified, and given his bond as administrator of said estate.

In order to understand the bearing of the exception, it is perhaps necessary to give a statement of the circumstances under which this suit was brought. They appear from the plaintiff's petition, and of the documents and proceedings annexed thereto. It appears that John M. Tompkins died in the parish of Carroll, leaving two minor children as his heirs, under the natural tutorship of his widow. The latter, as such, subsequently obtained a judgment against Atchison and others for a certain amount, from which judgment, the defendants took an appeal to the Supreme Court, giving their appeal bond, with the defendant in this suit, as surety. In the mean time, the widow and natural tutrix intermarried with the plaintiff, Parks, and left this State, with her husband and children, to fix their residence in the State of Mississippi. The widow Tompkins had, by the effect of her second marriage, lost the tutorship of her children ; and sometime afterwards, her second husband was appointed guardian of the minors, by a judgment rendered by the Probate Court of the county in which they resided in the State of Mississippi. This suit is now brought by Parks, as guardian of the minors Tompkins, to recover from the surety on the appeal bond, the amount to which they may be entitled ; judgment was rendered below in his favor, and the defendant appealed.

The question here is exactly the same as the one which was presented, and lately decided upon in the case of *Hall et al.* v. *E. Parks et al.*, in which we held that she could not, in her capacity of natural tutrix, nor her husband as guardian of the minors, order an execution to issue upon a judgment rendered for the recovery of a debt due to the minors' father's succession. We said that, as said succession was opened in this State, and as it could not be accepted for the minors but with the benefit of an inventory, an administrator should have been appointed, who alone would have the right of suing for the debts due to the estate, and of receiving the amount due thereto.

In the case of *Self* v. *Morris*, lately decided in New Orleans, and which presents a very great similarity of facts, the present question was fully investigated, and after mature consideration, we came to the conclusion, that whenever a succession is accepted with the benefit of inventory, it is to be administered under the authority of the Court of Probates; and that, in the same manner as all claims against it must be brought in that court, against the administrater appointed to settle it, the tutor of the minors, in whose favor a succession is opened, has not, by virtue of his office, a better right to administer upon it (and consequently to sue for the recovery of the claims due thereto), without being appointed, and giving security as administrator, than any other individual. We have repeatedly adhered to this doctrine, and we think it is applicable to the present case.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that the plaintiff's action be dismissed, with costs in both courts.

*Selby*, for the plaintiff.

*Stacy* and *Sparrow*, for the appellant.