REUBEN JONES *v.* HENRY FRELLSEN and another.

The insufficiency of the bond to entitle the party to a suspensive appeal, or the fact that it was allowed after the time had elapsed within which such an appeal could be granted, does not entitle the appellee to a dismissal of the appeal ; but it will operate only as a suspensive one. C. P. 575.

Where one against whom a *fi. fa.* has been issued, purchases his own property at twelve-months' credit, and executes a bond for the price as required by law, the execution of the bond is a waiver of any objection which he might have urged against the sale, had it been to another. He cannot keep the property, and allege the irregularity of the sale ; nor can his surety on the bond urge it.

APPEAL from the District Court of Caldwell, *Willson*, J.

*McGuire*, for the appellant.

*Garrett*, for the defendants.

MORPHY, J. A motion to dismiss this appeal has been made on two grounds : *First,* that the appeal could not be granted below on a motion made in open court, as this could be done only during the term at which the cause was tried. *Second,* that the appeal bond is irregular, and insufficient to operate as a suspensive appeal, which was alone prayed for and granted below.

I. By consent of the parties, this case was decided by the district judge in chambers, out of term time, and the application for an appeal was made in open court during the following term, about three months afterwards. But the appeal was

Jones v. Frellsen and another.

not asked for on a simple motion, as provided for by the law of 1843, p. 40. A regular petition of appeal was presented to the court, which granted the appeal, and fixed the amount of the bond; whereupon the counsel for the appellees acknowledged service of, and waived the citation of appeal on the back of the petition. We think this appeal was regularly applied for. The acknowledgment of service by the appellees shows that the appellant intended to issue a citation of appeal, which is not required by the law of 1843, when a motion for an appeal has been made in open court during the term. It is otherwise, where a petition is presented for that purpose.

II. The appeal bond, it is said, was given for an amount too small for a suspensive appeal, the executions enjoined amounting to $582 17, and the bond being only for $500; and that the appeal was taken more than fifteen days after the rendition of the final judgment. This does not show that the appeal should have been dismissed, but that it should operate only as a devolutive appeal, and that the appellees had a right to proceed with their executions, notwithstanding the appeal. Code of Practice 575. *Poydras* v. *Palin et al.*, 5 La. 129.

This is an injunction obtained by the plaintiff against two executions against him and one John P. Campbell, issued upon twelve-months' bonds, signed by him as surety of the said Campbell. He avers that the two executions enjoined purport to have been issued on two twelve-months' bonds, when no legal twelve-months' bond in these cases have been executed by him, as the law requires that property should have been seized and sold, and bonds executed as evidence of the sale of said property. But he avers that no property has been seized, nor any sold, nor any purchased by John P. Campbell, the principal in said bonds, *as a consideration of said bonds*, &c. The injunction was dissolved below, with damages, and the plaintiff appealed.

His counsel contends that as these bonds bear date the 9th of November, 1840, and each recites the seizure and sale of a horse belonging to Campbell, and bought in by him, and the executions are dated the 2nd of November, it is clear that the formalities and delays required by law have not been complied with, that no legal sales have been made, and that the sheriff

could not sell moveables under ten entire days between the seizure and the sale. Code of Practice, art. 670. The twelve-months' bonds purport to be given by the defendant in the original executions, for the purchase of his own property. He is not a party to this suit, and does not complain of the sale and purchase ; nor could he complain, as the execution of these bonds implies, on his part, a waiver of all the objections he might have urged, if the property had been sold to another. He cannot keep the property, and allege the irregularity of the sale, nor can his surety on the bond. 2 La. 360.

*Judgment affirmed.*