## LEWIS, Executor, *v.* SPLANE.

A'n appellee is not entitled to have the appeal dismissed on the ground that the bond, given for a suspensive appeal, is not for as large an amount as the law requires, where it is sufficient for a devolutive appeal.

Where a lost instrument is made the foundation of a suit or defence, the loss must be shown by direct evidence, or be rendered probable by circumstances, supported by the oath of the party; and it must be shown that its loss was advertised in some public paper. C. C. 2258, 2259.

APPEAL from the District Court of St. Mary, *Boyce,* J. *Dwight,* for the plaintiff. *Splane,* appellant, *pro se.* The judgment of the court was pronounced by

KING, J. A motion has been made to dismiss this appeal, on the ground that the bond furnished by the appellant is not for a sum exceeding by fifty per cent the amount of the judgment appealed from. The bond given by the appellant, probably from some inadvertence or error of calculation, is for about $18 less than the sum required by law for a suspensive appeal, but is for an amount more than sufficient to cover the costs. In the case of *Ralph* v. *Hoggatt,* lately decided, *ante* p. 462, we held this to be an insufficient cause for a dismissal, and that the case would be considered as pending before us on a devolutive appeal. See also *Parks* v. *Patton,* 9 Rob. 167.

The defendant has appealed from a judgment rendered against him for the amount of a promissory note, with interest from judicial demand. He complains that the court below has not allowed, in part extinction of the plaintiff's demand, a draft which is averred in the answer to have been lost or mislaid. We think the judge did not err. The loss of the instrument has not been shown either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable, which was an indispensable prerequisite to proving its contents. Nor does it appear that the loss was advertised in a

public paper, which the law deems equally necessary to a recovery in all cases, where a lost instrument is made the foundation of a suit or defence. C. C. arts. 2258, 2259. *Judgment affirmed.*