## LUDELING *v.* FRELLSEN.

It is not necessary that a petition of appeal should contain an express prayer that the appellee be cited, where there is but one antagonist party to be brought before the appellate court. *Per Cur :* We do not say that cases may not occur where it might be necessary to point out, to the ministerial officers, the respective persons whose citation the appellant may desire. Arts. 573, 581 must be construed with reference to the liberal spirit of the stat. of 20 March, 1839; and, in doing so, even if the point be doubtful, the appellant is entitled to the benefit of the doubt.

*Per Cur :* Under the peculiar circumstances of the case of *Selby* v. *Gibson*, 3 An. 319, the motion to dismiss was properly sustained; but we are not satisfied with all the points which are there ruled, nor were they all indispensable to the decision of the motion.

An appeal will not be dismissed, where the bond, though insufficient for a suspensive, is large enough for a devolutive, appeal.

Though the petition for an injunction to stay an order of seizure and sale merely state that, remittances to a certain amount were made to the mortgagee which should have been credited upon the note to secure the payment of which the mortgage was executed, without mentioning the dates, manner, and amounts of the respective remittances, yet if no exception be taken to the generality of the petition, and issue be joined on the plaintiff's averments, defendants cannot afterwards object to its generality.

Where a party to an action resides out of the parish in which the court is held, his adversary cannot compel him to bring his commercial books into court; but he may be ordered to produce, under oath, a sworn copy of a particular account. It is not necessary that interrogatories should be propounded to the party from whom the copy is required. Interrogatories may be propounded, and the party required to annex to his answers copies of the accounts; but this is not the only mode of getting at the contents of an adversary's books.

APPEAL from the District Court of Ouachita, *Copley*, J. *R. W. Richardson*, for the appellants. *Garret*, *McGuire* and *Ray*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The defendant has moved to dismiss the appeal on various grounds, which we proceed to notice :

1. That the appellee has not been cited. No citation appears to have been made. The appellee contends that the omission to do so is attributable to the fault of the appellants,* because in their petition of appeal they did not expressly pray that the appellee be cited. Under articles 573 and 581 C. P. we do not think such prayer was indispensable in a case like this, where there was but one antagonist party to be brought before the appellate court. We do not say that cases may not occur where it might be necessary to point out to the ministerial officers the respective persons whose citation the appellant might desire; but the officer could not possibly have been at loss in the present case. We must construe articles 573 and 581 with some reference to the liberal spirit of the statute of 1839 ; and doing so, even if the point be doubtful, the appellant is entitled to the benefit of the doubt. See *Gilmore* v. *Brenham*, 1 An. 414.

Not having been cited, the appellee would have been entitled to a continuance until a citation had been duly served. But as no application for further time has been made, the party simply insisting upon a dismissal, and proffering an argu-

*The plaintiff, and her surety in the injunction bond, both appealed.

ment upon the merits, if his motion be not sustained no delay in the decision of the court is necessary.

We have not overlooked the case of *Selby* v. *Gibson*, 3 An. 319. Upon a reconsideration of that case, after elaborate argument, we are still of the opinion that, under the peculiar circumstances there presented, the motion to dismiss was properly sustained. But we are not satisfied with all the points which are there ruled, nor were they all indispensable to the decision of the motion.

II. It is said that the appeal bond is defective; that it only binds the appellants jointly, who should have bound themselves *in solido*; that, therefore, they are each bound only for the one half of $800, the amount directed by the order of appeal; that the appellants asked, and the court ordered, a suspensive appeal; that the bond is insufficient for a suspensive appeal; and that the appellants are not even entitled to the benefit of a devolutive appeal. The appellants reply that, by legal intendment, the obligation is *in solido* ; and that, even if it be not, the bond is ample to sustain the appeal as devolutive. In this latter position the appellants are clearly right. See *Ralph* v. *Hoggat*, 2 An. 462. *Lewis* v. *Splane*, Ib. 754. *Parks* v. *Patton*, 9 Rob. 167. It is unnecessary to decide now whether, under the bond given, the appeal is suspensive or devolutive. That is important with reference to the right of execution ; and, if a question should hereafter arise upon that point, it will be time enough then to pass upon it.

We have thus disposed of the grounds for dismissal, but embrace the present occasion for making a few general remarks upon the subject of appeals. It is with extreme regret that the court has observed the looseness with which appeals are frequently taken, and the consequent frequency of motions for dismissal. A very large portion of our time, at the present term, has been spent in the hearing and consideration of motions for dismissal, which might have been more profitably employed in the discussion of legal principles. It is very easy, with a little care, to place an appeal beyond the possibility of cavil; and we would earnestly urge upon the bar a more careful observance of the formalities required by law. It should not be forgotten that a very grave responsibility, moral, at least, if not legal, rests upon an attorney whose inattention deprives his client of a high constitutional right. These remarks are dictated by a regard to the interests of justice, and a desire to repress a growing evil. We trust that they will be received and acted upon in the same spirit by the profession.

The present suit is a proceeding by injunction, brought under the following circumstances. *W. H. & J. H. Dinkgrave* were a commercial firm in Monroe. In January 1847, the plaintiff executed a power of attorney in favor of *John H. Dinkgrave*. This instrument recites that she is desirous of assisting the *Messrs. Dinkgrave* in their business, and particularly in enabling them to procure and to keep a stock of goods ; and, in order to enable them to do so, a special mortgage on certain property, which she describes, may be required. She therefore authorizes her attorney to mortgage her property to *H. Frellsen & Co.*, merchants residing in New Orleans, to secure the final payment of any note, bill of exchange, or draft, made or drawn by *John H. Dinkgrave* or *William H. Dinkgrave*, either separately or together, or for any acceptance made for, or in favor of those persons, in any amount not to exceed five thousand dollars ; it being expressly understood that whatever mortgage may be executed by the attorney, is to be security for the debts which the mortgage is intended to secure. In February 1847, *Dinkgrave*, acting under this power, and specially

Ludeling
v.
Frellsen.

referring to it, executed a mortgage upon the plaintiff's property, in favor of *Frellsen & Co.*, to secure a note made by *W. H. & J. H. Dinkgrave*, payable 1st January 1848, for $5,000; an indebtedness, as stated in the mortgage, for borrowed money and for drafts accepted.

*Frellsen & Co.* obtained an order of seizure and sale after the protest of this note, and caused the mortgaged property to be seized. Thereupon the plaintiff obtained an injunction, alleging, among other matters, that large remittances were from time to time made by the said *W. H. & J. H. Dinkgrave*, to the said *H. Frellsen & Co.*, and by him received, amounting to the sum of $2,776 31, with interest from the date of the different payments (to offset the interests computed on the acceptances included in the note of $5,000); and that she has a right to demand and require that the said sum of $2,776 31, and interset, be credited on the note of $5,000.

On the 10th January 1849, at the first term of the court after the institution of this suit, the defendant moved to dissolve the injunction on the ground of the insufficiency of the affidavit for injunction. The motion was over-ruled on the 11th January, and no error being alleged as to this ruling, it requires no further notice. On the 10th January, a general order was made that all cases at issue be set for trial in their order on the docket. On the 11th January, the defendant filed his answer. It commences with a general denial, and then specially " denies that any money was ever paid to him or his agent on the note on which the order of seizure and sale issued, which is enjoined in this case, except what is credited thereto.* It expressly denies that *W. H.* and *J. H. Dinkgrave*, or either of them, ever made any payments on said note, except what is credited thereon. It is expressly averred that, all the money ever paid by *W. H.* and *J. H. Dinkgrave*, or either of them, to your respondents, was appropriated by your respondents, according to their express directions, or to the appropriation of which, as made by your respondent, they expressly assented. Wherefore respondent prays plaintiff's injunction be dissolved," &c.

On the 12th January, the plaintiff presented to the court in writing an application for an order directed to the defendant *Frellsen*, to produce his ledger, or other books, containing his account current with *W. H.* and *J. H. Dinkgrave*, showing the entire indebtedness of said *Dinkgrave*, from the 1st February 1847, to the 1st August 1848, and also all the payments made by them during the same period of time, and credits to which they are entitled, and asking that the court would fix a time when said books should be produced and deposited in the clerk's office for inspection; and praying also for such further orders as the nature of the case may require, and for general relief. Appended to this application was an affidavit of the plaintiff, that she hoped and expected to prove by the production of the books called for, that large payments had been made to *H. Frellsen & Co.* by *W. H.* and *J. H. Dinkgrave*, on account of the $5,000 note, amounting to the sum of $2,776 31, with interest, and that she had been informed that efforts had been made by *Dinkgrave* to obtain a full account current since the institution of this suit without effect. This application was opposed by the defendant, "on the ground that the allegations in the plaintiff's petition for injunction were not sufficiently definite to sustain any evidence of payments by said *W. H.* and *J. H. Dinkgrave*, and that no amendment could be permitted to the original grounds of injunction." The court refused to grant

---

* The order of seizure and sale allowed a credit of $45 95.

the order, and the plaintiff took a bill of exceptions. From this bill it further appears that the plaintiff declared, on the argument of the motion, that she would be satisfied with a sworn extract from the books of a full account current of *W. H.* and *J. H. Dinkgrave* with *H. Frellsen & Co.*

We are of opinion that the court below erred. The objection that, under the indefinite allegations of the petition, no evidence of payments was admissible, was not well taken. It is true that the allegations of the petition merely stated that remittances to the amount of $2,776 31, had been made by *W. H.* and *J. H. D.* to *H. F. & Co.*, which she had a right to have credited upon the note, without giving a detail of the time, manner, and items, of the respective remittances. But the defendant made no objection to the generality of the petition; he joined issue upon the plaintiff's averments; and thus clearly precluded himself from a subsequent objection.

It is conceded that, under the ruling in *Cooper* v. *Polk*, 2 Annual, 158, the plaintiff had no right to compel the defendant to bring his commercial books from New Orleans to Monroe. But he was entitled to a sworn copy of the designated account. It is said that interrogatories should have been propounded to the defendant. This objection was not made in the court below; and, if it had been, we should not be disposed to sustain it. In the case of *Cooper* v. *Polk*, we suggested that the defendant "might, in the interrogatories propounded by him to one of the plaintiffs, have required him to annex to his answers copies of the accounts;" but we did not say that it was the only mode of getting at the contents of the adversary's books. If *Frellsen & Co.* had lived in Monroe, the plaintiff, without propounding interrogatories, could have compelled them to produce the books themselves. As they lived at New Orleans, we see no objection that they produce under oath a sworn copy from the books of *W. H.* and *J. H. D's.* account.

On a subsequent day of the term leave was asked to file an amended petition, in which the alleged credit of $2,776 31 was pleaded more definitely. But we deem it unnecessary to pass upon the refusal to allow it to be filed; because, in our opinion, the plaintiff is entitled, under the original petition and answer, to prove credits to that amount.

At the trial of the cause the plaintiff offered witnesses to prove that *W. H.* and *J. H. D.* had made shipments of cotton and produce, and made remittances to *H. F. & Co.*, in the years 1847 and 1848; which testimony was objected to upon the ground that it was "inadmissible under the pleadings, the same not being sufficiently definite by dates and accounts to allow the testimony." We think the testimony should have been received, and refer to our previous remarks.

It is therefore decreed, that the judgment below be reversed; and it is further decreed that this case be remanded, with instructions to the court below to grant an order commanding the said *H. Frellsen* to produce and file under oath a copy of the accounts of *W. H.* and *J. H. Dinkgrave* with the said *H. Frellsen & Co.*, specified in the petition of the plaintiff calling for the same, and for further proceedings according to law; the costs of this appeal to be paid by the defendant.