Taliafeeeo, J.
Lorenzo Siza, having become the purchaser at a probate sale of a lot of ground and the improvements thereon, situated within the Fourth District of the city of New Orleans, at the price of nine thousand dollars, whereof, by the conditions of the sale, he was required to pay in cash $5,500, and the remainder in one year, refused to comply with the terms of the adjudication.
A rule was taken against him by Esther Garcia, widow of Armat, and tutrix of her minor son, Aman Louis Armat, to show cause why he should not be condemned to comply with the terms and conditions of the adjudication, and why — in case the Court should order such compliance, and he should fail to obey the order within the legal delays, a writ of distringas should not issue against his property, to enforce a compliance with the order.
On trial of the rule, judgment was rendered in conformity with the purport of the rule, viz: that he should pay in cash $5,500, and furnish his, note for the payment of the remainder, as required by the terms of the adjudication, and that in default of complying with the order, a writ of distringas should issue against his property to compel compliance. From this order the adjudicatee, Siza, took a suspensive appeal by motion in court, and executed a bond with security in the sum fixed by order of the Court, to-wit: the sum of $2,050. A motion is filed in this court to dismiss the appeal on the ground, that the appeal bond is not for a sufficient amount according to law. The judgment orders the *341 payment of a fixed sum in money, and in default of such payment that the party be distrained of his property until he does pay it. This decree seems absolute, and to present a case in which, if a suspensive appeal be taken, the amount of the bond is fixed by law.
We conclude that the amount of the bond is insufficient for a suspensive appeal, but we are not inclined, on the appellee’s motion, to dismiss' the appeal, but to regard it as devolutive in conformity with frequent decisions of this Court. 1 Rob. 324 3 Rob. 63. 9 Rob. 185. 10 Á. 318. 11 A. 687.
The defendant and appellant, in his answer to the rule, denied that the minor, Aman Louis Armat is the heir of Jean Martin Armat; that the order recognizing the minor as sole heir of Jean Martin Armat, is exiiarte and illegal; and lastly, if the tutrix of the minor were regularly put in possession of the estate, there was no title to the property in the ancestor, Jean Martin Armat.
The defence is wholly untenable. The record shows that the order of court, recognizing the minor as the sole heir of Jean Martin Armat, was rendered upon the application of the tutrix, and contradictorily between her and the curator and the counsel for absent heirs.
The fact of the minor being the sole heir of J. M. Armat is also abundantly shown by other facts adduced in evidence.
Title to the property in Jean Martin Armat is clearly shown, and traced-from prior owners. The defendant does not point out any defect in the title shown, nor even allege an adverse outstanding title in any other person.
It is clear that the defendant shows no good reason to refuse to comply with the terms of the adjudication.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs in both courts.