### No. 156.

#### Patrick B. Feely *v.* George Purves.

Where a bond of appeal is neither for one half over and above the amount of the judgment, nor for a sum fixed by the Court, the appeal cannot stand, either as suspensive or devolutive.

Where the law has expressly designated the amount of a bond to be given in any particular connection, the maxim *"de minimis non curat lex"* cannot be invoked.

*Richard Schaekelford, James Graham,* attorneys.

*Gibson Hall & Montgomery,* attorneys.

On Motion to Dismiss.

His Honor Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

The judgment in this case is for $367, with interest from January 6th, 1880 until paid. It was rendered January 9th, 1881, consequently a trifle more than a year's interest was due at the date of rendition. The total of said principal and interest due at said last named date, was a few cents more than $385.35—interest for only one year being calculated.

Where a judgment is given with interest the interest up to the rendition of judgment forms part of the latter, it must be secured by the bond, as well as the principal, Ross vs. Pargout,

2 La. 86; Brown vs. Brown, 9 La. Ann. 310, see also, Roman vs. Peters, 1 Rob. La. 522.

The Code of Practice Art. 575, requires the bond, in case of a suspensive appeal, to be for a sum exceeding by one half the amount of the judgment. The bond in this case is only for $575. To have been in compliance with the law, it should have been for $578. There is consequently a deficiency of $3.02. It is evident that this is not such a bond as the law requires, but appellant contends that the maxim, *de minimis non curat lex*, should apply. He cites in support of this position, Lewis vs. Splaine, 2 La. Ann. 754; Balph vs. Hogatt, 2 La. Ann. 462; Ludeling vs. Frellfen, 4 La. Ann. 534.

We cannot agree with appellant. In the first place, we doubt whether, such a sum as $3.02 can be considered in the eyes of the law as a trifle, such as to justify the invocation of the maxim *de minimis,* etc. The law constitution of the state has created courts with authority to pass and determine upon controversies involving such an amount and less, and the Codes and Statutes have provided rules of proceeding to regulate the trial of such causes. Such an amount may be made the subject matter of a legal attack, and may call for and receive a legal defense. It is therefore difficult to perceive, under the circumstances, an attempt to claim that such an amount is a mere trifle in the eyes of the law. Furthermore, the lawmaker has spoken in clear and unequivocal terms. The bond must be for a sum exceeding by one half the amount for which the judgment was given. Anything beyond this may be given, for discretion is left; but less than this is a matter expressly removed from all discretion. Where the law speaks so positively the judges could not be expected to ignore its mandate. The *maxim de minimis non curat lex,* can have no application in a connection such as this; for it would complicate also the wording of the law, so as to make it stand, in the neighborhood of one half over and above the judgment, etc. Without entering into a discussion as to the application in general, of the maxim under consideration, we do not hesitate to declare that where the law has expressly designated the amount of a bond to be

given in any particular connection, the maxim can not be invoked, for to do so is to bury the law, to usurp a discretion which has been exercised by the legislature itself and been thereby emphatically forbidden to the judiciary.

The bond in question is clearly not sufficient for a suspensive appeal, nor can the appeal stand as devolutive. In cases of appeal of the latter, the law expressly vests in the judge, the discretion, which in cases of suspensive appeal, is withheld from him. Code of Practice, Art. 578 imposes upon the inferior courts the duty of fixing the amount of bond so that it may be sufficient to cover costs.

It follows as a matter of course that there can be no devolutive appeal without such fixing of the amount of the bond by the inferior judge. If an appellant files his bond in any sum whatever, without such fixing by the judge, he usurps the function of the latter and exercises a discretion which is by law expressly vested in the judiciary. In such case, no matter how large his bond may be, the determination of this amount has not been judicial, as is required by law, and it is of no effect. Such has been the uniform jurisprudence of this state. Glaze vs. Russel, 5 Mart. La. N.S. 237; Beasley vs. Allen, 5 Rob. La. 39; Fit et al vs. Danhill, 10 La. 252.

The authorities cited by appellant do not sustain them in the position assumed. The principle which they and those of similar nature, lay down, is, that, where in an order for a suspensive appeal the judge of the lower court has fixed the amount of the bond even though intending to require one in a sum sufficient for a suspensive appeal and by error it is insufficient, yet, in as much as it is the sum that has been fixed by the judge, the appeal will stand as devolutive. 3 La. 181; Emerson vs. Fox, 5 La. 129; Poydras vs. Patten, 3 Rob. La. 63; Tipton vs. Crow, 9 Rob. La. 167; Parks vs. Patten, · Rob. La. 185; Jones vs. Frellfen, 2 La. Ann. 462; Balph vs. Hogatt, La. Ann. 754; Lewis vs. Splane, 4 La. Ann. 534; Ludeling vs. Frellfen, 5 La. Ann. 360; Marshall vs. Grand Gulf Co., 12 La. Ann. 175; Montan vs. Whitley, 21 La. Ann.; Jenkins vs.

Howard, 20 La. Ann. 340; Succession Armat, 24 La. Ann. 551; Taylor vs. Pipes, 19 La. Ann. 507; Succession of McCall.

It is true, Lewis vs. Splane, 2 La. 754, does not expressly announce the doctrine stated above, but it founds itself upon Balph vs. Hogatt, 2 La. Ann. 462, where it is made to appear, that the judge *a quo* had fixed the amount of the bond, under consideration. So also, while Ludeling vs. Frellfen, 4 La. Ann. 535, like Lewis vs. Splane, is silent as to the fixing of the amount by the judge, it likewise refers to Balph vs. Hogatt, 2 La. Ann. 462, and to Parks vs. Patten, 9 Rob. La. 167, in both of which last cases, there is express mention of this fact.

Indeed, not only is appellant not able to find authority sustaining his position, but there are precedents, declaring the very reverse. In other words, it has been foten decided, that where a bond of appeal is neither for one half over and above the amount of the judgment, nor for a sum fixed by the court, the appeal cannot stand, either as suspensive, or devolutive, 1 Rob. 134; 19 La. Ann 507; Succession McCall; 26 La. Ann. 208, Bockel vs. Rendman. The appeal in this case is therefore dismissed with costs.

His Honor W. H. Rogers delivered the opinion and decree of the court in the words and figures following, to wit;

The appeal first taken in this matter was dismissed—the case is now before us on a devolutive appeal upon the trial of which only the demand of defendant in reconvention was urged.

The testimony is voluminous and the district judge has reviewed it with much care in a written opinion which we have examined. We agree with him in his conclusions, but a careful examination of evidence convinces us that one of the complaints made by the defendant and which seems to have escaped the attention of the judge warrants some relief. The duty of plaintiff as engineer in charge of a mill was to keep the engine clean and after the completion of his contract to leave it clean and in good order. He failed to do this, and thereby placed upon the defendant, his employer, an expense which was improper, and this charge he should repair. The

testimony established the sum necessary to do the work which plaintiff should have done is $10.00.

It is ordered that the judgment of the district court in so far as it dismisses the reconventional demand of defendant be avoided and set aside, and that defendant recover of plaintiff the sum of $10 with costs of reconventional demand and that otherwise such judgment is affirmed. Costs of this court to be paid by appellee.