No. 3425.

(Court of Appeal, Parish of Orleans.)

W. T. CAREY & BRO. 'vs. DR. GEORGE K. PRATT.

ON MOTION TO DISMISS.

When an appeal bond is insufficient in amount to maintain the appeal as suspensive, but is for the amount fixed by the Court, the appeal will be maintained as devolutive.

Appeal from Civil District Court, Division D.

Jas. McConnell, Jr., for Defendant and Appellant.

P. M. Milner, for Plaintiff and Appellee.

MOORE, J.   From a judgment rendered against him for lhe sum of $1385.75 with 5 per cent per annum interest thereon from June 25th., 1902 the interest aggregating the sum of $108.67 on the day judgment was rendered, the defendant applied for and obtained an order of "appeal suspensive and devolutive." The Court fixed the amount of the bond at Twenty-One Hundred Dollars which was furnished.

Appellee moved to dismiss the appeal on the ground that the amount of the bond is insufficient to justify a suspensive appeal.

As said in Weil vs. Schwartz 51 A. 1547 : "That proposition may be true, but it does not lead up to the dismissal of the appeal.

"When by order of Court a suspensive appeal has been allowed on appellants furnishing bond in an amount fixed by the Court and bond had been furnished accordingly, it will not be dismissed because it cannnot be maintained. Though not good as a suspensive appeal, it stands good as a devolutive appeal." 47 A. 219, 20 A, 340, 39 A. 579, 1 Rob. 324, 3 Rob. 63, 9 Rob. 185, 10 An. 318, 11 A. 687, 49 A. 360.

In the instant case the appellant obtained order for both suspensive and devolutive appeal, and they were ordered upon mover furnishing bond with good and solvent security in the sum of $2 100 and according to law.

He furnished the bond necessary for a devolutive appeal and we must assume, especially as he is not here urging that his appeal be regarded as suspensive, that this is the only character of appeal he is prosecuting. His appeal must therefore be maintained and it is so ordered.

198

1. Where a defendant, mulcted for costs in a suit against him by a contiguous owner for injury to the latter's party wall and building, in which suit defendant's building contractors were called in and discharged from warranty, said defendant, when subsequently sued by these contractors for work done and completed, cannot set up in reconvention the costs by him incurred in said former suit.

2. Damages, if any, was due from these contractor's defective execution of contract, could not be partially extinguished by costs in a suit in which they were held not liable.

3. Question of fact are otherwise involved in this case.

BEAUREGARD, J. The building firm of W. T. Carey & Bro. brought suit against Dr. Geo. K. Pratt for a balance of account amounting to...........................................$1123 74
And for extra work amounting to ....................... 398.51
_____
A total of.........................................$1522 25
predicated on a contract having for its object the carpenter, marble and repair work to be put in the Orpheum Theatre under the direction of the owner's (the defendant) architects, Favrot & Livaudais, whose certificates, issued to the plaintiff, were a condition precedent to their payment as proof of work completed and of the amount due, including approved bills for extra work.

Judgment in the Lower Court was rendered in plaintiff's favor to the amount of $1385.75 and as in case of non-suit for that part of the extra work, the approved bills for which could not or were not produced amounting to $136.50. Plaintiffs pray on appeal that this judgment be affirmed.

To this suit defendant tendered the general issue and subsequently, by supplemental answer, claimed in reconvention $651.20 Court costs incurred by the defendant in a suit against him by a Mrs. Pokorny for injury done to her party wall which, in the building of the Orpheum Theatre, had been demolished and reconstructed, but which in the estimation of the plaintiff (Mrs. Pokorny) in that suit was lacking in proper repairs and also for encroachment upon the line of her property, which suit having terminated adversely to the defendant so far as the costs were concerned (but liberating plaintiff's herein, who had been called in warranty from liability) said costs were sought to be fastened on the plaintiffs herein. See case of Pokorny ys Pratt 110 La. or S. Rep. Vol. 34. No. 13, pg. 703.

There can be no doubt as to the correctness of the judgment of the Court a qua. The defendant admits that the amount sued

199

for is due, with the exception of the $136.50 which counsel for plaintiffs concede. So the only matter before the Court is as to the liability of plaintiffs for the $651.60 urged in reconvention.

To that end attempt is made to show that, under the decree of the Supreme Court in the Pokorney vs Pratt case referred to above, the Court having declared that certain minor repairs still remained to be done to that plaintiff's property by the defendant, the latter in this suit was justified in retaining the costs incurred by him in that suit as a sort of reimbursement for the repairs required and which should have been done by the plaintiffs herein.

It cannot be conceived how costs of Court, for which a defendant in a suit is mulcted, can be claimed of a third party called in warranty, but discharged from liability and distorted into damages arising from an alleged defective execution of the contract existing between the party called in warranty and the defendant referred to.

If such could be the case, the party called in warranty, notwithstanding his discharge, would still be indirectly bound as a warrantor to a defendant in whose favor no such decree was ever rendered.

If any claim for damages arose from the warrantor's defective execution of his contract, such damages, specifically stated, would be recoverable in a direct suit to that effect, not as Court's costs in a suit to which said warrantor was practically held to be a stranger and which affected the defendant alone.

It is true as shown by the record that plaintiffs admitted that if any repairs were to be made, they were willing and ready to make the same and that in their estimation such repairs could not exceed $50 or $75. This does not alter plaintiff's position nor entitle the defendant to recover costs for which he is bound and in a suit in which plaintiffs figure as merely nominal parties.

The judgment appealed from is correct and should be affirmed and it is so ordered.