HENRY BRODE *v.* THE FIREMEN'S INSURANCE COMPANY.

Where the surety offered by a party to whom a suspensive appeal has been allowed, is insufficient, or has not been given in time to entitle him to a suspensive appeal, the order allowing the appeal should not be set aside, if the surety be sufficient, and the application was made in time, to entitle the party to a devolutive appeal. In such a case, the effect of the failure to comply with the requirements for a suspensive appeal, is to render it devolutive only, and to authorize the issuing of an execution.

The stat. of 22 March, 1843, sec. 2, dispensing with notices of judgment in certain cases, does not apply to the case of a judgment against a garnishee by whom interrogatories had been answered, rendered on a rule to show cause, where the rule was not served on the garnishee in consequence of his absence from the state; and where, in such a case, notice of judgment was subsequently served on the garnishee, the time within which an appeal will lie must be calculated from the date of the notice.

RULE on the Judge of the Commercial Court of New Orleans to show cause why a mandamus should not be issued. The facts of this case are sta'ed n the opinion delivered by.

MORPHY, J. This is a rule on the judge of the Commercial Court of New Orleans, to show cause why a mandamus should not issue, commanding him to allow the petitioner, Lucius Chittenden, a suspensive appeal from a judgment entered up against him as a garnishee in this case. The facts upon which the application is based, appear from the petition and the return of the judge, to be the following :

Lucius Chittenden, being served with interrogatories to ascertain whether he was a stockholder of the Firemen's Insurance Company, how many shares he held in it, and what amount per share had been paid on said stock, on the 22d of December, 1843, answered, that he denied that the plaintiff had any right to make him a party to this suit, or to propound interrogatories to him in any manner, or that he could be made liable for the judgment rendered therein, or any part thereof. He further answered under oath to the interrogatories with a reservation of all legal exceptions, as follows, to wit :

To the first interrogatory : That he does not consider himself, by

the 3d section of the charter creating the Firemen's Insurance Company, a stockholder in that institution.

To the second interrogatory : That, in March, 1839, he became the owner of sixteen shares of the stock of the Firemen's Insurance Company ; but that, as before stated, it became forfeited, and he ceased to be a stockholder therein, under the third section of the charter, long before the service of the interrogatories put to him in this case.

To the third interrogatory : That he has sold none of the said shares, and has not otherwise disposed of them than by forfeiture as aforesaid.

To the fourth interrogatory : That there has been paid on said stock, per share, about $26 or $27.

On the 13th of January, 1844, the plaintiff took a rule on the garnishee, to show cause, on the 18th of the same month, why judgment should not be rendered against him for $360. Upon this rule the sheriff endorsed the following return : " *The within rule could not be served, L. Chittenden being out of the State.*"

On the 18th of January, 1844, judgment was entered up against Chittenden, in favor of the plaintiff, for $360, as the amount due on sixteen shares at $22 50 per share ; which judgment was signed on the 24th of January.

On the 25th of April following, a notice of this judgment was served upon the garnishee, and before the lapse of ten days from the date of such service, he applied for, and obtained from the judge, an order for a suspensive appeal from the judgment thus rendered against him, returnable on the 4th of May following, on his giving bond and security according to law. This bond he filed on the 30th of April, 1844, in the penal sum of $600, with two competent and solvent sureties.

On the 2d of May, 1844, the plaintiff took a rule on the garnishee, to show cause, on the 9th of May, why the appeal taken should not be set aside, and execution issue, on the ground that the time prescribed by law for taking such appeal had elapsed. This rule the sheriff's return shows, was served on the 7th of May, on M. Greiner, in person. On the 9th of May, the judge made the rule absolute, and set aside the order he had previously made, allowing a suspensive appeal from his judgment. After stating

these facts, the petition of Lucius Chittenden alleges, that the plaintiff has taken, or is about taking out, an execution, and that the judge of the Commercial Court refuses to set aside his last mentioned order, and to allow a suspensive appeal, which refusal operates as a denial of justice to him.

*Watts*, Judge of the Commercial Court, showed cause against the rule. The answer of the garnishee is a confession of facts, entitling the plaintiff to an immediate judgment against him. In such a case, it is within the discretion of the court to say whether the garnishee shall be called on to show cause or not. If the case is very clear, judgment is given as a matter of course. In this case, the garnishee acknowledged himself to be owner of the stock, and admitted that he had only paid a certain amount thereon, leaving a balance due. So much of the answer as speaks of a forfeiture, does not set it forth as an averment, but argumentatively. The answers of the garnishee are a mere *evasion ;* they do not aver that the stock had ever been declared to be forfeited. It is the practice of the court, *a qua,* always to allow a suspensive appeal when applied for, leaving it to the opposite party to move to set it aside, if the applicant be not entitled to it.

*B. Lowndes,* for the plaintiff. The rule taken by the plaintiff on the garnishee was unnecessary and superfluous ; and the judgment rendered against him, was well rendered as *pro confesso.* The rule must be regarded as a mere *ex parte* motion for judgment. The neglect or refusal, merely, of the garnishee to answer the interrogatories which had been propounded to him, would have been a legal confession of assets, and sufficient authority for a judgment against him, without a rule. Code of Pract. art. 263. *Parmly* v. *Bradbury,* 13 La. 353. *Deblanc* v. *Webb,* 5 La. 82.

By the public act incorporating the Insurance Company, the shares are fixed at $50, all which sum was liable to be called in. The garnishee confesses that he has paid not more than $27, per share. The answers of the garnishee admit the purchase of 16 shares, and that he has never sold them. The first answer states simply the *opinion* of the garnishee,—that *he does not consider himself a stockholder,"* &c. It is not therefore responsive to the interrogatory ; and taken in connection with the admissions in the following answers, entitled the plaintiff to judgment, without a rule. Charter of the Firemen's Ins. Co. Act 10 March, 1838, sec. 1 and 8. *Hart* v. *Dahlgreen,* 16 La. 559.

The garnishee had suffered the period prescribed by law for taking a suspensive appeal to elapse before making his application.

No notice was required by law to be given to the garnishee of

the judgment which had been rendered against him.   The notice though given, was not given either at the request of the plaintiff or his counsel ; but through a mistake of the clerk.   The garnishee having been cited to answer the interrogatories, and having actually answered them, became a party to the suit, and notice of a judgment rendered in such a case, is now dispensed with. Act. 20 March, 1843.

The *extent* of the garnishee's liability is to be *tested* by his answers to the interrogatories.   *Oakey* v. *Miss. & Al. Railroad Co.* 13 La. 570.

It is shown by the answers of the garnishee, that there was an unpaid balance in his hands, due the defendants, of $23 per share, on 16 shares of stock.   He is considered as a mere stakeholder between the parties, (*Kimball* v. *Plant et al.* 14 La. 511,) and only called upon to declare what property is in his hands, and having so declared, the property is liable to be seized under execution.   The effect of the answers is, to show the extent of the property liable to be seized, and the effect of the judgment against the garnishee, is merely to order the property so designated to be seized.   He is therefore no more entitled to judgment, than any person would be in whose hands property had been seized, without the preliminary steps of interrogatories and answers.

MORPHY, J.   The judge below was of opinion that, although the garnishee had denied his indebtedness, and stated that his stock had become forfeited under the third section of the charter of the Firemen's Insurance Company, the plaintiff was entitled to an immediate judgment, without any rule or notice to him, because his answers confessed all the facts necessary to render him liable, and did not allege that any proceedings had been taken to create the forfeiture they speak of, or that a forfeiture had been in fact declared.   Whether this be so, and whether the judgment of the 18th of January, 1844, has been legally rendered, we are not to inquire on the present rule.   The legality and correctness of the judgment can be examined only on an appeal from it, brought before this court.   The inquiry to which we must confine ourselves is, whether the suspensive appeal which had been granted in this case, was correctly set aside on the rule taken by the plaintiff.   The judge states in his return, that the practice of his court has always been, to allow a suspensive appeal when applied for, leaving to the other party to move to set it aside, if the appellant be not entitled to it.   It appears to us, that even where the security offered by the appellant is found to be insufficient to

sustain a suspensive appeal, or has not been given within the time prescribed, the order for an appeal is not to be set aside on that account, if it has been prayed for within one year after rendition of the judgment. The only effect of the party's failure to comply with the requirements of the law for a suspensive appeal, is to render the appeal merely devolutive, and to authorize his adversary to take out his execution. In the present case, no objection was made to the appeal bond given by the garnishee; but the ground upon which the order for a suspensive appeal appears to have been set aside is, that he suffered the time prescribed by law for taking such an appeal to elapse, his application having been made only in April, when the judgment had been signed on the 24th of January, 1844. It is said, that it is from this last mentioned date that the ten days within which a suspensive appeal is to be taken must be counted; as, under the law of the 22d March, 1843, "relative to appeals and notices of judgments," the garnishee was not entitled to any notice of the judgment rendered against him. The law referred to cannot, we think, be applied to a case like the present; it provides clearly for the ordinary cases, where, according to the well established rules of all our courts, suits are set down for trial on particular days, or where notices are given of all motions made, or rules taken in such suits. Parties in the ordinary course of practice cannot but be aware of the judgment rendered against them; the law presumes such knowledge, and therefore dispenses with the notices formerly required; but this presumption of knowledge cannot exist in this instance, as the record shows, that no service was made on the garnishee of the rule by which judgment was to be demanded on his answers to the interrogatories. It was probably in consequence of this *ex parte* proceeding, that it was found expedient to notify him of the judgment rendered against him, although such notice was no longer necessary in ordinary cases. The right of a garnishee to appeal, so far as his own interest is concerned, cannot be questioned. Within the legal delay after he was informed of the judgment against him, he filed his appeal-bond, and obtained an order for a suspensive appeal. Under the peculiar circumstances of this case, it appears to us, that the order

first made should not have been set aside, and that the garnishee should have the benefit of a suspensive appeal.

Let the rule be made absolute.