## No. 9896.

### SUCCESSIONS OF JOHN KELLER AND WIFE.

A bond furnished in the amount fixed by the order of the court for a suspensive appeal which alone was prayed for, but not furnished within the delay prescribed by law for a suspensive appeal, is sufficient to sustain the appeal as devolutive.

The order, although restricted in terms to a suspensive, covers any appeal, the character of the same, as suspensive or devolutive, being determined by the amount of the bond fixed and furnished, and by the time at which the bond is filed.

| | |
|---|---|
| 39 | 579 |
| 47 | 223 |
| 39 | 579 |
| 49 | 361 |
| 49 | 1529 |
| 39 | 579 |
| 51 | 1548 |
| 39 | 579 |
| f52 | 1187 |
| 39 | 579 |
| 111 | 938 |
| 39 | 579 |
| 114 | 705 |
| 39 | 579 |
| e120 | 101 |
| 120 | 165 |

The correctness or regularity of the judgment of a competent court, making the appoint-ment of an undertutor, cannot be questioned or reviewed collaterally, even by the court which had made the appointment. His appointment is full proof of his capacity and has effect on third persons until set aside by appeal or in an action of nullity.

Hence, an adjudicatee of succession property cannot set up the nullity of the proceedings leading to the sale, on the ground of the alleged illegality of the appointment of the undertutor who presided over the family meeting which recommended the sale, if the record shows that he was appointed by a court of competent jurisdiction.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe,* J.

*W. O. Hart* and *C. F. Buck* for the Appellant.

*E. J. Wenck* for the Appellee.

The opinion of the Court was delivered by Poché, J.

MOTION TO DISMISS.

The grounds of the motion are that the prayer, the order, and the bond of appeal were for a suspensive appeal and that the bond was not filed within the time required for such an appeal; and that there was no prayer, and there is no order, for a devolutive appeal.

Appellees rely on the decision in Reed vs. Creditors, 37 Ann. 907, in which the appeal was dismissed on similar grounds.

In that case it was held that under a prayer and an order for a sus-pensive appeal, a bond not filed within the prescribed delays would not sustain a devolutive appeal, because the order was exclusively for a suspensive appeal.

At the earnest request of appellant's counsel in the instant case, we have made a thorough examination of our jurisprudence on this point, and we leave the investigation with the conclusion that the weight of authority conflicts with the rule in Reed's case, and that the latter must, therefore, not be followed.

The preponderance of the decisions, turning upon this contention, is to the effect that the nature or character of the appeal is not deter-mined by the prayer for, or the order of, appeal, but by the amount of the bond and by the time at which it is furnished.

If the prayer and the order contemplate a suspensive appeal, and the bond, in the amount fixed by the order, is furnished within the delay prescribed by law, the appeal is suspensive.

But where both the prayer and the order are for a suspensive appeal, if the amount of the bond furnished, in compliance with the order of the court, is insufficient in amount for a suspensive appeal, or if it be not filed within the prescribed delay for such an appeal, but is filed within the year, the appeal will be sustained as devolutive only.

We yield our previous convictions to the weight of authority under numerous opinions which, in the midst of a serious conflict, lead to satisfactory conclusions. 5 La. 129, Poydras vs. Pattin; 3 Rob. 63, Tipton vs. Crow; 8 Rob. 42, Brode vs. Ins. Co.; 9 Rob. 185, Jones vs· Frellson; 2 Ann. 462, Balph vs. Hoggutt; 2 Ann. 754, Lewis vs. Splane; 4 Ann. 534, Ludeling vs. Frellson; 20 Ann. 340, Succession of Armat; 27 Ann. 97, Edgerly vs. Smith.

Under the views which prevail in these cases, the present appeal must be sustained as devolutive.

It is therefore ordered that the motion to dismiss herein made be overruled.

---

## On Rule to Compel the Adjudicatee of Succession Property to Accept Title.

The adjudicatee at the succession sale of a piece of immovable property depending upon these successions has taken this appeal from a judgment condemning him to comply with the terms of the bid made by him at that sale.

His resistance is grounded on the alleged illegal composition of the family meeting which deliberated in behalf of the minor heirs of said successions, for the purpose of recommending and of fixing the terms and conditions of the sale.

That illegality is attributed to the fact that the undertutor of the minors participated in the proceedings of the family meeting as a member thereof, instead of presiding over the same and approving its deliberations as required by law.

The facts, as shown by the record, are: that at the death of his wife John Keller was qualified as natural tutor of the minor children issue of the marriage, with Louis Imholte as undertutor.

At the death of John Keller, in July, 1886, the two successions were consolidated, and A. G. Ricks took charge of the same, as testamentary executor of the husband and as testamentary tutor of the minors, of whom Joseph Voegtle was appointed and qualified as undertutor. At the family meeting which recommended the sale under discussion, Joseph Voegtle acted as undertutor, and Joseph Imholte acted as a member, with seven other relatives and friends of the minors.

Appellant makes the point that, as the functions of the undertutor, Imholte, who had been appointed in September, 1883, did not terminate with the natural tutorship at the death of John Keller, the subse-

quent appointment in July, 1886, of Joseph Voegtle, as undertutor of the same minors, was unauthorized, illegal, null and void, thus vitiating the deliberations of the family meeting over which he presided as undertutor.

But the record shows, and appellant does not deny, that the court which appointed Voegtle was fully competent, and hence his proposition involves him in a collateral attack of the judgment of a court of competent jurisdiction, making the appointment of an undertutor.

Now, one of the most familiar rules of our jurisprudence is to the effect that the correctness or regularity of a judgment of a competent court appointing a tutor cannot be collaterally reviewed or questioned, even by the court which has made the appointment.

Out of numerous decisions to be found on the subject in our reports, we have culled the following as bearing more directly on the point: Succession of Winn, 3 Rob. 305; Hoover vs. Sellers, 5 Ann. 182; Thibodeaux vs. Thibodeaux, 5 Ann. 598; Martin vs. Jones, 12 Ann. 168; Tutorship of Hughes, 13 Ann. 380; Caillebeau vs. Ingrouff, 14 Ann. 623.

The rule has been applied to the case of a foreign tutor or guardian, (12 Ann. 168), and it has been extended to the presumption that the tutor, shown to have been appointed by a competent court, had been qualified, in the absence of direct proof of that important fact. (5 Ann. 182.)

It requires no argument to show that the same rule must govern in the case of the appointment of an undertutor, whose functions are not less sacred, important and indispensable in the interests of minors than those of the tutor.

It may be, as suggested by appellant, that the appointment of Voegtle as undertutor of the Keller minors was unauthorized and illegal, but that is the question which cannot be investigated in a collateral manner. His appointment by a court of competent jurisdiction is full proof of his capacity, and has effect against third persons until set aside by appeal or in an action of nullity.

As this alleged illegality was the sole defect urged against the proceedings which are the foundation of the adjudication herein resisted by appellant, it is clear to our minds that the sale was correctly sustained by the district court.

Judgment affirmed.