The opinion of the court was delivered by
Breaux, J.
The judgment was against plaintiff, rejecting his demand.
Plaintiff presented his petition for a suspensive appeal within the delay prescribed by law, .but did not within that delay furnish a bond either for a suspensive or devolutive appeal.
The judge a quo had had issued his order granting a suspensive appeal upon plaintiff furnishing bond in the sum of one hundred dollars. The appeal was made returnable to this court on the first day of November of this year.
The defendant moved the court below to dismiss the appeal on the ground that the ten days’ delay for perfecting the appeal had elapsed. The motion to dismiss was heard contradictorily with all parties in interest. After hearing, the appeal was dismissed.
Relator invoked the exercise of the supervisory power of this court to have the order of dismissal of the appeal rescinded, and in his application for a writ of certiorari alleged that the action of the District Judge was beyond his jurisdiction. That he, relator, was entitled to have the court’s action annulled and his appeal ordered to be reinstated as a devolutive appeal. . .
As relates to want of jurisdiction, we think the court a qua was vested with power to rescind or annul the order of appeal in so far *1529 as it was suspensive, and order execution to issue upon plaintiff’s failure (in the case in which the appeal was dismissed) to prosecute its appeal by furnishing a suspensive appeal bond. To that extent there is no serious issue before this court.
In State ex rel. Roman vs. Judge, 22 An. 592, this court held that the court a qua retained the power to pass upon the insufficiency of the bond, and in finding it insufficient to set aside the appeal, and direct execution to issue.
It remains for us to decide whether, upon this application for a writ of certiorari, we should direct the court a qua to reinstate the order of appeal, that the relator in the court below, relator here, may exercise its right to file the bond, as for a devolutive appeal.
The relator’s counsel in the brief truly says, that the question is settled by the adjudications of this court on the subject of taking appeals, where a plaintiff obtains an order for appeal, and the amount is fixed'by the judge; that plaintiff can maintain his appeal, as a devolutive one, if the amount of the bond is insufficient for a suspensive appeal.
But in all the cases to which our attention was directed, the bond had been filed, when the ruling was made, sustaining the appeal, as a devolutive appeal only. Here, we have noted that no bond had been filed at the date of the ruling, and at this time the return day has lapsed. A ruling upon the subject after the filing may, we think, properly be different from what it should be, if made, prior to the filing of the insufficient bond under the court’s order for a sus-pensive appeal.
If made after the filing of an insufficient bond, as to the amount, the action being that of the court in fixing too small an amount, it may be remedied by ordering the appeal to stand as a devolutive appeal. It has been held in Succession of Keller, 39 An. 580, that the order gives the right to file a bond for a devolutive appeal if tendered before the appeal be dismissed; we can not, however, annul a dismissal because the party afterward claims the right to furnish a bond.
Moreover, he has not shown injury, or possible injury needful in order that a writ of certiorari may issue. One’s omission to furnish a bond and fulfil the condition precedent for a suspensive appeal will not always preclude him from applying for a devolutive appeal.
If, as contended by respondent, relator had lost his right of appeal *1530 by the sole fact that the bond was not filed until more than ten judicial days after the judgment was signed, the allegation of injury made by the relator would thereby find ample support. Such, however is not our view, and we, in consequence, do not find injury possible. The application on that ground is not sustained.
The appellant had not furnished bond and the appellee had not been cited to answer the appeal. There was no abandonment of the right to appeal (C. P. 901).
The court said:
“The inability or the omission of the plaintiff to furnish a bond and fulfil the condition precedent upon which a suspensive appeal was granted did not preclude the party from applying within the year for a devolutive appeal ” (Gibson vs. Selby, 2 An. 629); citing a number of decisions in support of the opinion.
The application does not show special ground or cause for its issuance. The relator has other ample remedy. The time for taking a devolutive appeal has not elapsed. The right of taking an order for a devolutive appeal is answer enough to question relating to alleged injury.
It is ordered and adjudged that the writ is denied and our previous order set aside.
Miller, J. I concur on the ground the remedy was by mandamus.