P ROYO STY, J.
Where the appeal is from a money judgment, the Code of Practice requires that for a devolutive appeal the amount of the bond must be fixed by the judge, and that for a suspensive appeal the amount of the bond must exceed by one-half the amount of the judgment appealed from. ■Code Prac. art. 575.
In the instant case no amount was fixed by the judge. Appellant obtained an order for a suspensive appeal alone, and filed a bond, which it aimed to make sufficient for ■a suspensive appeal, but which is lacking $32.91 of exceeding by one-half the amount of the judgment appealed from. The judgment, with interest, plus one-half, is $15,-032.91; the bond is for $15,000. Appellee moves to dismiss on the ground that the amount of the bond is insufficient. The motion must be sustained.
Counsel suggests that the case comes under the rule de minimis. In the case of Yale and Bowling v. Cole, 31 La. Ann. 687, this court, through Manning, C. J., said: “Even if the application of that rule was justifiable when the deficiency of the bond was less than one dollar, such application is not a precedent to be followed in this ■case.” The deficiency in that case was $57. True, that was an attachment case; but the ■case of Woodville v. Klasing, 51 La. Ann. 1057, 25 South. 635, where the deficiency was $48.12, and the case of State ex rel. Jorda v. Judge, 29 La. Ann. 776, where the deficiency was $7.45, were appeal eases. In the latter case the court, in so many words, said; “The maxim de minimis does not apply.”
From such knowledge of the case as the court derived from the arguments at the bar the case appeals strongly to the court, but this court is not a legislature. The Code of Practice makes the rule, and this court enforces it.
Appeal dismissed.