(38 South. 523.)

No. 15,528.

KNOLL v. KNOLL.

(March 13, 1905. On Rehearing May 8, 1905.)

DIVORCE — CUSTODY OF CHILDREN — APPEAL — PROCEDURE—BOND—ORDER GRANTING APPEAL—SIGNATURE.

1. An order granting an appeal on motion in open court, and duly entered on the minutes, need not be signed by the judge.

2. Act No. 49, p. 151, of 1871, allowing 30 days within which to take a suspensive appeal in cases of divorce, is not applicable to cases of separation from bed and board.

3. Though the prayer and the order were for a suspensive appeal solely, the appeal will be sustained as devolutive if the amount of the bond was fixed in the order.

On the Merits.

4. When, in a suit by the husband, praying that he be awarded a judgment of separation from bed and board and the custody of his minor children, the wife pleads the general issue, and the evidence fails to support the demand for separation, but shows that the parties have been living apart for more than two years, that the children have remained during that time in the custody of the plaintiff, at the home of his mother, and that he is a man of good character, and further shows that the defendant, who does not ask that the children be given to her, is not in a position to take care of them, and (negatively) that she is satisfied with the existing arrangement, the custody of the children will be awarded to the plaintiff, subject to the right of the defendant to see them, and to such further disposition in the future as occasion may require.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Edward Knoll against Wilhelmena Knoll. From a judgment for defendant, plaintiff appeals. Modified.

John Howard Ferguson, for appellant. George Montgomery, for appellee.

On Motion to Dismiss.

PROVOSTY, J. An order granting an appeal on motion in open court, and duly entered on the minutes, need not be signed by the judge. No law requires it to be signed by the judge, and it is sufficiently authenticated by being entered on the minutes.

Act No. 49, p. 151, of 1871, amends article 573 of the Code of Practice by adding thereto the following:

"But in cases where the judgment decrees a divorce, such petition or motion of appeal must be filed within 30 days not including Sundays, after the signing of such judgment, instead of 10 days, and shall operate as a suspensive appeal therefrom, and there shall be no devolutive appeal allowed thereafter."

This act in distinct terms applies only to cases of divorce. It does not apply to cases of separation from bed and board. A separation from bed and board is not a divorce. The Code treats of the two sep-

arately. Thus the rubric of title 5 of the Code is "Of separation from bed and board, and of divorce." And the rubric of chapter 1 under that title is "Of the causes of separation from bed and board, and of divorce." And different causes are assigned for the two. True, a divorce may grow out of a separation from bed and board, but so do "tall oaks from little acorns grow."

The appeal in this case, having been taken after the expiration of the 10 days, is not suspensive, but it is good as a devolutive appeal. "Though the prayer and the order were for a suspensive appeal solely, the appeal will be sustained as devolutive, if the amount of the bond was fixed in the order." Succession of Keller, 39 La. Ann. 579, 2 South. 553; Succession of Bey, 47 La. Ann. 219, 16 South. 825; Michenor v. Reinack, 49 La. Ann. 360, 21 South. 552; Weil v. Schwartz, 51 La. Ann. 1547, 26 South. 475; Succession of Watt, 111 La. 937, 36 South. 31.

The appeal is therefore dismissed as a suspensive appeal, but is maintained as a devolutive appeal.

### On the Merits.

MONROE, J. Plaintiff charges his wife with habitual intemperance, ill temper, abuse, desertion, and conduct so outrageous as to render their living together unsupportable, and prays to be awarded the custody of his minor children, and for a decree of separation from bed and board. Defendant excepted that the petition is too vague, and discloses no cause of action, which exceptions were overruled, whereupon she pleaded the general issue. There was judgment rejecting plaintiff's demands, and awarding the custody of the children to the defendant. The plaintiff has appealed.

The evidence shows that the litigants were married in 1895, and, after living for a while at the home of plaintiff's parents (or mother), kept house first on Miro and then on Broad street; that in January, 1902, plaintiff left

114 La.—23

his wife at the Broad street residence, taking with him their two children (little girls, the eldest of whom was about seven years old at the time of the trial), and returned to his mother's house; and that the defendant went out to work. The plaintiff attempted to prove habitual intemperance and abuse, but, although we have not had the advantages of seeing or hearing the witnesses, our reading of their testimony as it appears in the transcript (but which it would serve no useful purposes to recapitulate) leads us to the conclusion, reached by the trial judge, that it does not entitle the plaintiff to the judgment prayed for. We are, however, of opinion that the judgment, as rendered, goes too far in awarding the custody of the children to the defendant. She does not pray that they be awarded to her, and, as appears from the testimony adduced in her behalf, she is not in a position to take care of them, since she is engaged in doing housework and caring for the children of a family by whom she is employed for that service. Upon the other hand, her children are living with their father, at the house of the latter's mother, and have been so living since the separation of their parents, and there is no suggestion in the record that the defendant, who is allowed to see them, has ever objected, or now objects, to that arrangement. Nor is it suggested that the father is disqualified from retaining the children in his custody by reason of his conduct or character. On the contrary, the evidence shows him to be a man of good character. and we are of opinion, upon the whole, that the custody of the children should be awarded to him, subject to such further action in the matter as the future may require.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed in so far as it awards the custody of the children to the defendant, and it is further adjudged and decreed that, subject to such further action as the

future may require, the custody of the minor children of the litigants be awarded to the plaintiff, reserving to the defendant the right to see them as that right is now enjoyed, or as may hereafter be determined by the court. It is further ordered, adjudged, and decreed that in all other respects said judgment be affirmed; the defendant and appellee to pay all costs.

### On Rehearing.

By the decree handed down the defendant and appellee has been condemned to pay the costs in both courts. This was the result of inadvertence, and the error may be corrected without granting a rehearing. The case is one in which, we think, the husband, as head and master of the community, and as the party casts in the main action, is, at least primarily, liable for all costs, even though the judgment appealed from was amended in his favor, the question of the ultimate liability of the parties inter sese for the costs of the appeal to be adjusted upon the settlement of the community.

It is therefore ordered, adjudged, and decreed that the decree heretofore rendered in this case be amended by condemning the plaintiff, as head and master of the community, to pay all costs, reserving the question of the liability of the defendant as between her and the plaintiff for the costs of the appeal to be adjusted upon the settlement of the community.

It is further ordered that the rehearing be refused.