(49 South. 1002.)

No. 17,577.

Succession of LYNCH.,

(April 26, 1909.)

1. APPEAL AND ERROR (§ 382*) — BOND — AMOUNT.

The judge must fix the amount of the security in a devolutive appeal when the appeal is of such a character as requires his signature.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2038; Dec. Dig. § 382.*]

2. COURTS (§ 224*) — JURISDICTION—ALLEGATION AS TO AMOUNT.

Jurisdictional allegation—about $2,000—as the value of the property is not sufficiently certain to fix the minimum amount of the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig, § 224.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

In the matter of the succession of Allen Lynch. From an order dismissing petition to set aside the probate of an alleged will, Mrs. Anthony Hollins appeals. Dismissed.

Jewell Arthur Sperling and Barnard Bee Howard, for appellant. Pierson, Walton & Pierson and John Richard Loomis, for appellees.

BREAUX, C. J. The grounds are:

(1) No appeal bond has been furnished.

(2) No amount fixed for the bond.

(3) At any rate, not an amount sufficient for the bond, and no bond with the required conditions furnished.

(4) Want of jurisdiction ratione materiæ.

In time after the judgment had been rendered, on motion of plaintiff and appellant, the court had an order entered upon the minutes granting a suspensive appeal returnable on the first Monday of April, 1909, "upon plaintiff furnishing bond required by law."

On the same day that the order of appeal was entered on the minutes, appellant gave bond in favor of the clerk of court in the sum of $25.

To the end of deciding the issues presented on this motion, we state that the de cujus, Allen Lynch, died on the 24th of April, 1908, leaving a testament in which he constituted plaintiff and appellant, she alleged, his universal legatee, and that he appointed her executrix of the testament.

She alleged that the real estate is valued at the sum of about $2,000.

As to whether there is personal property forming part of the assets, the record is silent.

She alleged that the succession is free from all debt, and that she accepts the succession unconditionally. She prays that the testament be admitted to probate, and that an order be issued for its execution, and that she be recognized as the sole heir and legatee of the late Allen Lynch; that she be permitted by an order of the court to go into possession of the property of the estate, and that the estate be not decreed liable for the payment of the inheritance tax.

In the body of her petition she alleged that the property of the succession has borne its just proportion of taxation, and is not liable to the payment of an inheritance tax.

In accordance with petition of plaintiff, the court probated the will, ordered execution, and sent her into possession.

A few weeks after the will had been probated, a niece, Mrs. Anthony Hollins, filed a petition in which she averred that all the proceedings, including the testament, are null for a number of reasons; among others, that the testator was non compos mentis at the time that he made the will.·

The court a qua, after hearing on this petition and the answer to it, dismissed the petition for probating the will.

It is from this judgment that ·Mrs. Anthony Hollins appealed.

It is this appeal that appellees seek to have dismissed on the grounds before stated.

It is not denied that counsel tendered a motion of appeal which was filed.

The court granted the appeal upon plaintiff furnishing bond required by law.

Counsel for appellant thereupon filed a bond for $25, which he urges is ample.

That may well be, none the less the appeal is unsustained by the required bond. In either a suspensive or a devolutive appeal, when it is of such a character that it must be fixed by the court, the amount must be fixed by the court. The rule is unbending.

The judge shall fix the amount of security. Code Prac. art. 574.

The bond will not do for a devolutive appeal bond, because it was not for an amount fixed by the judge. Bockel v. Rudman, 26 La. Ann. 208.

The judge should state the amount of the surety to be given by the appellant. State v. Judge, 16 La. Ann. 372.

The surety must be for an amount fixed by the judge. Succession of McCall, 19 La. Ann. 508.

See, also, Woodville v. Klasing, 51 La. Ann. 1057, 25 South. 635.

Furthermore, the plea of want of jurisdic-

124 LA.—5

tion, ratione materiæ, is tendered by the appellee.

The only allegation made in regard to the value of the property is that it is worth about $2,000.

It follows that the allegation of value is uncertain and problematical. It will not suffice for a jurisdictional allegation of value. The property may be worth considerably over that amount, or a number of hundreds of dollars less.

Before the value of the property involved is made to appear with some decree of certainty, jurisdiction will not be maintained.

The appeal is dismissed at appellant's costs.