(90 South. 548)

No. 24649.

## PAN–AMERICAN BANK & TRUST CO. v. RANSOM.

(Nov. 28, 1921.   Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

I. Appeal and error ⬤➡393—Bond held not sufficient to support devolutive appeal.

Where defendant obtained an order for both devolutive and suspensive appeal from a money judgment, but court in granting the order did not fix the amount of bond for devolutive appeal, but granted both appeals on defendant's furnishing bond "according to law," and defendant filed a bond under the order for a suspensive appeal, but not within the time prescribed by law, plaintiff was entitled to have the appeals dismissed as against a contention that the order and bond were sufficient to maintain the appeal as devolutive, under Code Prac. arts. 575, 578, since court must fix the amount of the bond for a devolutive appeal.

**2. Appeal and error ⬬395—Act relating to correction of errors held not to save appeal from dismissal.**

Act No. 112 of 1916, relating to correction of error in judicial bonds, will not save from dismissal an appeal which is defective because there is no order fixing the amount of the bond for a devolutive appeal.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the Pan-American Bank & Trust Company against Charles A. Ransom. Judgment for plaintiff, and defendant appeals. On motion to dismiss. Motion granted.

McGiehan & Ramos and T. S. Walmsley, all of New Orleans, for appellant.

W. O. Hart and E. J. McGivney, both of New Orleans, for appellee.

OVERTON, J. On February 28, 1921, defendant moved for, and obtained, an order for both devolutive and suspensive appeals from a judgment rendered against him in favor of plaintiff for the sum of $3,000, with 8 per cent. per annum interest thereon from August 16, 1916, until paid, and 10 per cent. attorney's fees on the principal and interest, and for all costs of suit. . The lower court, however, in granting the order, did not fix the amount of the bond for a devolutive appeal, but granted both appeals upon defendant's furnishing bond "according to law."

While defendant filed a bond under this order for a suspensive appeal, yet admittedly he did not file it within the time prescribed by law. He, however, urges that the motion filed by plaintiff to dismiss the appeal should not be maintained, but should be denied upon the ground that the order and bond are sufficient to maintain the appeal as devolutive.

[1] When a suspensive appeal is granted a defendant from a judgment condemning him to pay a specific sum of money, the court granting the appeal does not fix the amount of the bond, but that is fixed by law at an amount exceeding one-half of the judgment. Code of Practice, art. 575. When, however, the appeal is devolutive, the law does not fix the amount of the bond, but intrusts the fixing of it to the judge, for article 578 of the Code of Practice provides that:

"If the appeal be taken after the delays allowed by law for taking an (suspensive) appeal have expired, or if the appellant fail to furnish the security required in the preceding articles, such appeal shall not stay the execution of the judgment.

"But, in that case, no security shall be required, except to such an amount as the court may determine as sufficient to secure the payment of the costs."

In our view, an order for a devolutive appeal granted upon condition that defendant furnish "bond with good and solvent surety, according to law," does not comply with the requisites of the above article. When one looks to see what constitutes a devolutive appeal bond that is "according to law," he finds that it is one in which the amount is fixed by the judge, and that the law itself fixes none. It is true that the order describes the appeal as both suspensive and devolutive. If the order could be interpreted to mean that the bond fixed by law for a suspensive appeal should also serve as the amount of the bond for a devolutive appeal, this would answer. It, however, cannot be interpreted to convey that meaning.

In the case of Pelletier v. State National Bank, 112 La. 564, 36 South. 592, in which the appeal was from a judgment for money, and in which the judge fixed no amount for an appeal bond, this court dismissed the appeal. The court declined to maintain it as suspensive, because the bond was not for the amount fixed by law, and declined to maintain it as devolutive, because no bond had been fixed at all.

In Succession of Lynch, 124 La. 127, 49 South. 1002, where the appeal was from a

judgment dismissing a petition to set aside the probate of a will, and in which the appeal bond was fixed for the amount "required by law," the court refused to maintain the appeal, and said, in substance, that the rule that no other bond will suffice than one fixed by the judge in those instances in which the law requires him to fix one is unbending. See, also, Day et al. v. Bailey et al., 116 La. 961, 41 South. 223.

In cases where the bond for a suspensive appeal is given in the amount fixed by the judge, but is not timely filed for such an appeal, but within time for one that is devolutive, then the bond will maintain a devolutive appeal, for the reason that the judge has fixed the bond and it is presumed to be for an amount sufficient to cover the costs. Succession of Keller, 39 La. Ann. 579, 2 South. 553; Keenan v. Whitehead, 15 La. Ann. 333. It, however, does not follow necessarily that a bond for a suspensive appeal, from a judgment for money, which is one fixed by the law for an amount exceeding one-half of the judgment, will be sufficient to cover costs; for, in computing the amount of such a bond, the costs of court are not considered by the judge. The two bonds are not only fixed differently—that is, one by the law and the other by the judge—but also each is fixed upon a different basis.

[2] While defendant does not contend that Act 112 of 1916 will extricate him by saving the appeal, or by affording him an opportunity to save it from dismissal, yet we may say that it will not. That act relates to the correction of errors in judicial bonds. It will not save from dismissal an appeal which is defective because there is no order fixing the amount of the bond.

While we regret to maintain the motion to dismiss, yet we see no alternative, under the Code of Practice.

For the reasons assigned, it is ordered, adjudged, and decreed that the appeal taken herein be dismissed at appellant's costs.

O'NIELL, J., dissents and hands down reasons.

O'NIELL, J. (dissenting). My opinion is that the decree dismissing this appeal is contrary to the spirit, if not the very letter, of Act 112 of 1916, p. 241, which, by its broad scope, was intended to make impossible such a hardship as this decree will impose upon the appellant. I am also of the opinion that the decree is contrary to the established jurisprudence of this court on the subject, regardless of the statute of 1916.

The second section of the act of 1916 declares that, whenever any litigant shall have furnished, in connection with any judicial proceeding, a bond and surety, and the bond is insufficient in amount or incorrect by reason of errors or omissions therein, the litigant shall have the right to correct the insufficiency, error, or omission, in the court of original jurisdiction, and to furnish a new or additional bond and surety, and that the new bond so furnished, or any supplemental or additional bond, shall have the same effect as if it had been originally furnished on the date of filing of the original bond.

The third section of the statute requires that any party at interest who complains that a bond furnished in any judicial proceeding is insufficient, either as to form or substance or as to the solvency or sufficiency of the surety, shall serve notice of his complaint on the party who has furnished the bond complained of, in the court of original jurisdiction, and that the party who furnished the bond complained of shall have two legal days in which to furnish a new or supplemental or additional bond.

The ninth section of the statute declares that no appeal shall be dismissed on account of any error in the amount of the appeal bond, or for any inaccuracy or omission in

the bond, or for insufficiency of the surety or sureties on the bond, unless or until the appellant shall have failed to correct the error, inaccuracy, or omission, or to furnish a supplemental or additional bond, in the manner theretofore provided in the statute.

The tenth section of the statute forbids the court of original jurisdiction to grant a suspensive appeal from any order allowing a bond to be corrected or allowing the filing of a new or additional or supplemental bond in any judicial proceeding.

The avowed purpose of the statute was to prevent absolutely the dismissal of an appeal or other judicial proceeding for any cause having reference to the bond required in such case. The statute declares that it shall apply not only to matters of form, but also to the very substance of the requirements of bonds in judicial proceedings.

The technicality which the appellee gets the advantage of in this case does not hide the substance or suppress the truth. The complaint is not that there was no order for a devolutive appeal; because, in fact, there was an order for a devolutive appeal, as well as for a suspensive appeal. The complaint is that the appeal bond given was not for an amount fixed by the judge; hence the complaint is aimed directly at the amount of the bond that was furnished. Of course, it may be said that the complaint is merely that the judge, neglected his duty to fix separately the amount of the bond that should have been furnished for an appeal that would not have the effect of staying execution of the judgment appealed from. In that aspect the complaint is of an error of the judge, for which the appellant should not be made to suffer the loss of his appeal. See Rev. Stat. §§ 36 and 1907; Act 45 of 1870, § 11, p. 101. The statute declares:

"That no appeal to the Supreme Court shall be dismissed on account of any defect, error or irregularity of the petition, citation or order of appeal, * * * whenever it shall not appear that such defect, error or irregularity may be imputed to the appellant or his attorney; but in all cases the court shall grant a reasonable time to correct such defects, errors or irregularities, in case they are not waived by the appellee, and may impose on the appellant such terms and conditions as in its discretion it may deem necessary for the attainment of justice."

As a matter of fact, there is no defect, error, or irregularity in the order of appeal in this case, because the judge did state in his order for either a suspensive or devolutive the amount of the bond to be given for either appeal. But, if the judge's failure to fix separately the amount of bond to be given for only a devolutive appeal was an error in his order of appeal, it does not appear and is not contended that such error may be imputed to the appellant or his attorney; and the statute therefore absolutely forbids a dismissal of the appeal.

The order of the judge granting the appeal, both suspensive and devolutive, is in this language, viz.:

"It is ordered that a suspensive and devolutive appeal be granted to defendant, C. A. Ransom, returnable to the Supreme Court of the state of Louisiana on the 2d day of May, 1921, upon said party's furnishing bond, with good and solvent surety, according to law."

The judge therefore did fix the amount of the bond to be given to perfect the appeal, either suspensive or devolutive. He ordered that the bond should be given "according to law," meaning, of course, for the amount fixed by law. The judgment appealed from was for $3,000, which, with interest and attorney's fees, amounted to $4,643. The law definitely fixed the amount of the bond required for an appeal from such a judgment at a sum which exceeded by one-half the amount of the judgment. Appellant furnished the bond for $7,000, which was more than one-half over and above the amount of the judgment, and which was, therefore, more than the amount fixed by the judge's order for either a suspensive or a devolutive ap-

peal. It is true the bond was not filed until a few days after the expiration of the 10 days allowed for a suspensive appeal; but it was filed in ample time for a devolutive appeal, and it was for the amount required by the order of the court for a devolutive or suspensive appeal.

The Code of Practice does not require that a defendant who appeals from a judgment condemning him to pay a sum of money shall take two appeals, calling one a suspensive appeal and the other a devolutive appeal, in order that his appeal may serve as a devolutive appeal if, for either of the two reasons stated in article 578 of the Code of Practice, the appeal should not stay execution of the judgment appealed from. The article referred to declares merely that, if the appeal be taken (meaning if the bond be filed) after the time allowed by law for a suspensive appeal has expired, or if the appellant fails to give the bond required by law for a suspensive appeal, the appeal shall not stay execution of the judgment, but that in such case the bond required shall be only for "such an amount as the court may determine as sufficient to secure the payment of the costs."

It is not and cannot be disputed that the bond given in this case for $7,000 is more than the costs could possibly amount to. It is perhaps fifty or a hundred times the amount of the costs. And it is for the amount which the judge fixed, even for an appeal that would have stayed execution of the judgment if the bond had been filed in time. It is anomalous to say that an amount which the law fixes, and which the judge has also fixed, as sufficient to stay execution of the judgment, is not sufficient to sustain the appeal itself.

The decisions cited in the majority opinion rendered in this case were all rendered before the statute of 1916 was enacted. But, even if they had been rendered since the statute was enacted, not one of them could serve as a precedent for dismissing the appeal in this case.

In the first case cited, Pelletier v. State National Bank, 112 La. 564, 36 South. 592, the judge did not fix the amount of the bond for either a suspensive or a devolutive appeal; and the bond that was furnished was for an amount less than the amount fixed by law for a suspensive appeal. At the very outset the court said:

"In the instant case no amount was fixed by the judge."

That cannot be said of the case before us, because in this case the judge did fix the amount for either appeal at the sum which the law required for a suspensive appeal. On rehearing in the case cited the court said:

"It has been held, however, that, where the amount of bond for a suspensive appeal is fixed by order of court, and the appellant gives bond in the amount so fixed, the appeal will be maintained as devolutive if the amount be insufficient in law to suspend execution of the judgment."

It appears to me that the court overlooks the distinction between Pelletier's Case and the case before us. In Pelletier's Case the complaint was, not that the appeal bond was filed too late to stay execution of the judgment, but that it was not for the amount required by law for a suspensive appeal. Of course, as there was no law nor order of court fixing the amount of the bond required for a devolutive appeal, and as the bond furnished was for an amount less than the amount fixed by law for a suspensive appeal, the appeal had to be dismissed. But the bond given in the case before us is for more than the amount fixed by law and by the order of the court for a suspensive appeal. The only complaint is that it was not filed in time for a suspensive appeal. It was filed in time for a devolutive appeal.

In Pelletier's Case the court quoted from

Keenan v. Whitehead, 15 La. Ann. 333 (which is also cited in the opinion from which I dissent), viz.:

"In Keenan v. Whitehead, 15 La. Ann. 333, the defendant was allowed a suspensive appeal upon giving his bond with good and solvent security according to law.

"He gave bond in the sum of $2,250, which lacked less than $20 of being the proper amount. The court dismissed the appeal. Merrick, C. J., said:

" 'The condition upon which a party is entitled to an appeal is that he execute his bond in such sum as ordered by the judge granting the appeal.

" 'Until he has complied with that order, his appeal is not perfect in this court, either as a suspensive or a devolutive appeal. Code Prac. arts. 573, 574, 575.

" 'It is otherwise where the appellant has complied with the judge's order, and given bond in the sum fixed. In such case we hold that, if the bond is insufficient for a suspensive appeal, still it is good as a devolutive appeal, because it is the amount fixed by the judge.' "

In Keenan v. Whitehead, therefore, as in Pelletier's Case, the complaint was, not that the bond was not filed in time for a suspensive appeal, as in the case before us, but that the bond was not for the amount fixed by law for a suspensive appeal.

In the second case cited in the opinion from which I dissent, Succession of Lynch, 124 La. 127, 49 South. 1002, the appeal was not from a judgment for a sum of money, but from a judgment dismissing a petition for the probate of a will. The appeal was taken by the petitioner, who, of course, could not have taken a suspensive appeal from the judgment dismissing her suit. The law in that case did not fix the amount of the bond required for either a suspensive or a devolutive appeal; and the judge failed to fix the bond for either appeal. He granted only a suspensive appeal "upon plaintiff furnishing bond required by law." Of course, as neither the law nor the judge's order had fixed the amount of the bond for either a suspensive or a devolutive appeal, the appeal had to be dismissed.

In Day v. Bailey, 116 La. 961, 41 South. 223, the third case cited in the opinion from which I dissent, the appeal was from a judgment dismissing the plaintiff's petition for an injunction. The judgment was not for a sum of money. Therefore the law did not fix the amount of the bond required for either a suspensive or a devolutive appeal. And the judge failed to fix the amount of the bond for either a suspensive or a devolutive appeal, but directed that a bond be furnished "in the sum provided by law." As no specified sum was provided by law, and as none was fixed by the order of the judge, for either a suspensive or a devolutive appeal, the appeal had to be dismissed. But in the case before us the amount of the bond was fixed by law for a suspensive appeal; and the order of the judge fixed it at that sum for either a suspensive or a devolutive appeal. The bond for either a suspensive or a devolutive appeal was therefore fixed as definitely by the judge's order granting both appeals as if the judge had said, paraphrasing his order of appeal:

"It is ordered that a suspensive and devolutive appeal be granted to defendant, C. A. Ransom, returnable to the Supreme Court of the state of Louisiana on the 2d day of May, 1921, upon said party's furnishing bond, with good and solvent surety, according to law; that is, for the sum which exceeds by one-half $4,642, which sum is $6,963." Certum est quod certum reddi potest.

The exact question that is now presented has been settled by the decisions of this court. It was first presented, and decided wrong, in Reed v. His Creditors, 37 La. Ann. 907. In that case there was no order for a devolutive appeal. Both the petition of the appellant and the order of appeal were for a suspensive appeal only. The appeal bond was not filed within the 10 days allowed for a suspensive appeal. For that reason, and because there was no order for a devolutive appeal, the appeal was dismissed. But the decision was expressly overruled in the Suc-

cession of Keller, 39 La. Ann. 579, 2 South. 553; and the latter decision has been cited with approval many times. Therefore, even if the failure of the judge in the case before us to fix separately the amount of the bond for a devolutive appeal was as serious an omission as was the failure of the judge in the case of Reed v. His Creditors to grant an order for a devolutive appeal, the appeal should not be dismissed. In the Succession of Keller it was said:

"The grounds of the motion [to dismiss the appeal] are that the prayer, the order, and the bond of appeal were for a suspensive appeal, and that the bond was not filed within the time required for such an appeal, and that there was no prayer, and there is no order, for a devolutive appeal.

"Appellees rely on the decision in Reed v. His Creditors, 37 Ann. 907, in which the appeal was dismissed on similar grounds.

"In that case it was held that, under a prayer and an order for a suspensive appeal, a bond not filed within the prescribed delays would not sustain a devolutive appeal, because the order was exclusively for a suspensive appeal.

"At the earnest request of appellant's counsel in the instant case, we have made a thorough examination of our jurisprudence on this point, and we leave the investigation with the conclusion that the weight of authority conflicts with the rule in Reed's Case, and that the latter must. therefore, not be followed.

"The preponderance of the decisions, turning upon this contention, is to the effect that the nature or character of the appeal is not determined by the prayer for, or the order of, appeal, but by the amount of the bond and by the time at which it is furnished.

"If the prayer and the order contemplate a suspensive appeal, and the bond, in the amount fixed by the order, is furnished within the delay prescribed by law, the appeal is suspensive.

"But where both the prayer and the order are for a suspensive appeal, if the amount of the bond furnished, in compliance with the order of the court, is insufficient in amount for a suspensive appeal, or if it be not filed within the prescribed delay for such an appeal, but is filed within the year, the appeal will be sustained as devolutive only.

"We yield our previous convictions to the weight of authority under numerous opinions which, in the midst of a serious conflict, lead to satisfactory conclusions. 5 La. 129, Poydras

v. Patin; 3 Rob. 63, Tipton v. Crow; 8 Rob. 42, Brode v. Ins. Co.; 9 Rob. 185, Jones v. Frellsen; 2 Ann. 462, Balph v. Hoggett; 2 Ann. 754, Lewis v. Splane; 4 Ann. 534, Ludeling v. Frellsen; 20 Ann. 340, Succession of Armat; 27 Ann. 97, Edgerly v. Smith.

"Under the views which prevail in these cases, the present appeal must be sustained as devolutive."

The doctrine of the decision in the Succession of Keller, supra, was expressly affirmed in the following cases: Succession of Bey, 47 La. Ann. 223, 16 South. 825; Michenor v. Reinach, 49 La. Ann. 361, 21 South. 552; State ex rel. Robinson Mineral Springs Co. v. King, 49 La. Ann. 1529, 22 South. 806; Weil v. Schwartz, 51 La. Ann. 1548, 26 South. 475; Schwan v. Schwan, 52 La. Ann. 1187, 27 South. 678; Succession of Watt, 111 La. 938, 36 South. 31; Knoll v. Knoll, 114 La. 705, 38 South. 523.

The doctrine of Succession of Keller is stated in the syllabus thus:

"A bond furnished in the amount fixed by the order of the court for a suspensive appeal, which alone was prayed for, but not furnished within the delay prescribed by law for a suspensive appeal, is sufficient to sustain the appeal as devolutive.

"The order, although restricted in terms to a suspensive [appeal] covers any appeal, the character of the same, as suspensive or devolutive, being determined by the amount of the bond fixed and furnished, and by the time at which the bond is filed."

In the case before us the amount of the bond required for a suspensive appeal was fixed by law. Therefore, paraphrasing the doctrine of the case last quoted, we should say: A bond furnished in the amount fixed by law for a suspensive appeal, but not furnished within the delay prescribed by law for a suspensive appeal, is sufficient to sustain the appeal as devolutive.

In Schwan v. Schwan, 52 La. Ann. 1187, 27 South. 679, when this question was again presented, it was said:

"The right to one appeal, however, is favored, and in the matter of the Succession of Keller

and Wife, 39 Ann. 579, where the only application made and the only order granted was for a suspensive appeal, it was held that the bond, though not filed in time to entitle the appellant to such appeal, would serve to sustain a devolutive appeal."

The attorneys for appellee in this case cite and rely upon seven other decisions by this court, not one of which, however, is appropriate, as appears from the following analysis of the cases cited, viz.:

In Blanchin v. The Fashion, 10 La. Ann. 345, where the judgment appealed from did not condemn the appellant to pay a sum of money, and where he furnished bond for an amount fixed by the order of court for a suspensive appeal, the only question was whether the appeal stayed execution of the judgment appealed from; and the ruling was that the appeal did stay execution of the judgment.

In Bockel v. Rudman, 26 La. Ann. 208, where the judge failed to fix the amount of the appeal bond, the appeal was dismissed, not because the appeal bond was not filed in time for a suspensive appeal, but because it was not for the amount required by law for a suspensive appeal.

In State ex rel. Fosdick v. Judge, 27 La. Ann. 685, the only question presented for decision was whether the surety on the appeal bond, being worth the amount of the bond and residing within the jurisdiction of the district court, was qualified to serve as surety on the bond, notwithstanding he did not own tangible property within the jurisdiction of the court. The ruling was that he was qualified by the terms of the Code of Practice.

In the Succession of Hardesty, 29 La. 289, where the judge of the district court failed to fix the amount of the bond for either a suspensive or a devolutive appeal, the appeal was dismissed because the judgment appealed from did not condemn the appellant to pay a sum of money, and the case was

therefore one in which the judge had to fix the amount of the appeal bond for either a suspensive or a devolutive appeal. In dismissing the appeal, it was said:

"This appeal is taken from a judgment homologating the final account of an executor. The judgment does not condemn appellants to pay any sum, and this is one of the classes of cases in which the judge can and should fix the amount of the appeal bond. * * * The judge has fixed no amount for the appeal bond, but merely granted a suspensive appeal on appellant's giving bond in amount and conditioned according to law."

In State ex rel. Durand v. Parish Judge, 30 La. Ann. 282, which was a mandamus proceeding to compel the parish judge to grant a suspensive appeal on appellant's furnishing bond according to article 577 of the Code of Practice, the ruling was merely that the bond for a suspensive appeal from the judgment ordering the sheriff to put a party into possession of certain real estate should be for a sum exceeding by one-half the estimated revenues of the property pending the appeal, and for whatever additional sum might be deemed necessary to cover injury or deterioration during the time when the appellants might continue in possession of the property.

In the succession of Edwards, 34 La. Ann. 218, the point decided was that a bond for costs was sufficient for a suspensive appeal from a judgment ordering a distribution of the funds of a succession.

In McCarthy v. McCarthy, 44 La. Ann. 146, 11 South. 77, the ruling was merely that it was the function of the judge to fix the amount of the bond for a suspensive appeal from a judgment decreeing a separation from bed and board and dissolving the marital community between the parties.

With the one exception of the decision in Reed v. His Creditors, which was expressly overruled in Succession of Keller, there is not a case to be found where an appeal was dismissed, instead of being sustained as a

devolutive appeal, under the circumstances of this case.

I respectfully dissent from the opinion and decree dismissing this appeal, instead of sustaining it as a devolutive appeal.