O’NIELL, C. J.
 

 (dissenting).
 

 The judge ordered the appellant in this case to give an appeal bond “according to law,” meaning according to the provisions of article 576 of the Code of Practice, which provides: “If the judgment decree the delivery of some movable of a perishable nature, the court shall require security to an amount exceeding by one-half the estimated value of such movable.”
 

 The next article (577) of the Code of Practice leaves no doubt that any movable property may be regarded as “of a perishable nature,” within the meaning of article 576, because article 577 declares: “But if the judgment decree the delivery of real estate, not of a perishable nature, security shall only be required to an amount exceeding by one-half the estimated value of the -revenue to be derived from such real estate, pending the suit, and for such further amount as the judge may determine as surety for any injury, or deterioration which may be caused to the estate by the appellant, while in possession of the same.”
 

 Inasmuch as real estate is, essentially, “not of a perishable nature,” article 577 is applicable to all cases where the judgment decrees the delivery of real estate, and, as there is no provision in the Code which, in terms, provides for a case where the judgment decrees the delivery of a movable “not of a perishable nature,” article 576 must be applicable to
 
 *768
 
 any case where the judgment decrees the delivery of movable property.
 

 The record discloses that Kadiak, the horse which was sequestered at the instance of the plaintiff in this case, is a race horse. To 'say that Kadiak is not perishable is almost as unreasonable as to say that Kadiak is not movable. Every time a race horse runs a race he runs a risk of being injured or killed. The expression “of a perishable nature,” in article 576 of the Code of Practice, is not intended to apply only to cauliflowers and mushrooms. It is applicable to any movable property that is subject to deterioration, destruction, or' death, during- the law’s delay.
 

 The appellant in this ease, however, merely played safe when he gave the bond required by article 576, under the assumption that Kadiak was perishable, because the bond required by that article of the Code is for the largest amount that could be required in any case. To dismiss the appellant’s appeal for giving the largest bond that could be required under any theory of his case — on the theory that the bond given is for-an amount larger than the law required — appears to me to be one of those technicalities which amounts to a denial of justice.
 

 It will not do to say that $5,000 was not the “estimated value” of the horse. The plaintiff, in her petition for the writ of sequestration, declared under oath that $5,000 was the value of the horse. The judge, in granting the sequestration upon the plaintiff’s furnishing a bond for $5,000,, declared, in effect, that that was the estimated value of the horse. The plaintiff, in furnishing the sequestration bond for $5,000, again admitted that that was the estimated value of the horse. The defendant, in asking to have the horse released from the seizure on a forth-doming bond for $5,000, acknowledged that that was the estimated value of the horse. The court, in ordering the horse released on a bond of $5,000, again decreed that that was the estimated value of the horse; and the order of release, on the bond of $5,000, declared that the bond tendered for that amount was approved by the attorneys representing the plaintiff. In every instance where the value of the horse is mentioned or referred to in the record it is admitted to be $5,000. The appellant’s attorney, therefore, under the judge’s order for an appeal, was justified in his belief that he was ordered to give a bond for $7,500, being the amount “exceeding by one-half the estimated value” of the horse. If the judge erred in requiring a bond for one-half more than the estimated value of the horse, instead of requiring a bond only for the estimated revenues pending the appeal, the error was that of the judge, not of the appellant, or his attorney; and, if the judge erred in that respect, it was to the interest of the appellee, and not to her prejudice.
 

 There is not a case cited in the prevailing opinion where the judgment decreed the delivery of. movable property. The eases cited are Succession of Hardesty, 29 La. Ann. 289; Layman v. Succession of Woulfe, 136 La. 767, 67 So. 823; Ruppert v. Fontenot, Sheriff, et al., 138 La. 375, 70 So. 331; Braun v. Veillon, 166 La. 564, 117 So. 719; Beaird v. Russ, 32 La. Ann. 304; Day v. Bailey, 116 La. 961, 41 So. 223; and Gottlieb-Knox-Amiss Insurance Agency v. Henry Cohn, Jr., Co., 128 La. 697, 55 So. 21. Those decisions are not at all appropriate to this case, because in none of them did the judgment order the delivery of property, either movable or immovable. In the Succession of Hardesty, the judgment was a homologation of a final account of an executor. Layman' v. Succession of Woulfe, was an appeal by an intervener in an executory pro
 
 *770
 
 ceeding, from a judgment dissolving a writ of injunction. Ruppert v. Fontenot, Sheriff, et al., was also an appeal from a judgment dissolving a writ of injunction against an ex-ecutory proceeding. Braun v. Veillon, was an appeai by the defendants from a judgment reinstating the plaintiffs as members of Local Division No. 194 of the Amalgamated Association of Street and Electric Railway Employees of America. In Beaird v. Russ, the appeal, which was only a devolutive appeal, was dismissed because the bond given was for only $150 and the order of appeal required a bond of $200. Day v. Bailey was an appeal by the plaintiff from a judgment dissolving an injunction and from a judgment dismissing his suit on an exception of no cause of action. In Gottlieb-Knox-Amiss Ins. Agency v. Henry Cohn, Jr., Co., the appeal was by a receiver of a corporation from a judgment rejecting his final account.
 

 The author of the prevailing opinion in this ease has taken an excerpt from some of the decisions cited, to the effect that the law fixes the bond only in the case of a suspensive appeal from a money judgment. Surely, that expression, used in the cases where the court did not have in mind article 576 of the Code of Practice, should not have the effect of eliminating that article from the Code.
 

 It is said in the prevailing opinion in this case that the appeal is not saved by section 1907 of the Revised Statutes, which declares: “No appeal to the Supremé Court shall be dismissed on account of any defect, error, or irregularity of the petition or order of appeal,” etc., unless the error is imputable to the appellant. I do not see why that saving clause should not be applied to this case, to avoid such an injustice as it was intended to avoid.
 

 It is said in the prevailing opinion that, by implication, it was held in Day v. Bailey, and in the Gottlieb-Knox-Amiss Case, and in Braun v. Veillon, that this section of the Revised Statutes is not applicable to a case like this. I have examined the opinions in the three, cases cited, and I find that section 1907 of the Revised Statutes was not referred to at all in any of them.
 

 The author of the prevailing opinion in this case cites Rozan v. Villere, 147 La. 746, 85 So. 899, 900, and Pan-American Bank
 
 &
 
 Trust Co. v. Ransom, 150 La. 142, 90 So. 548, in support of the proposition that Act No. 112 of 1916, which also forbids us to dismiss an appeal because of an error or insufficiency in the appeal bond, is not applicable to a case like this. Strange to say, in Rozan v. Villere, the appeal was not dismissed, because the court found that the bond was sufficient, and the court said: “But, if not, the remedy was to be found under Act 112 of 1916.” ' According to that decision, this appeal ought to be saved by the provisions of Act No. 112 of 1916.
 

 The case of the Pan-American Bank & Trust Co. v. Ransom, was not at all like the present case, except that the ruling in that case, dismissing the defendant’s appeal, was a very harsh and, in my opinion, a very wrong ruling, from which, of course, I dissented. The author of the prevailing opinion in this case was the author of the prevailing opinion in Ransom’s Case; and Ransom’s appeal was dismissed, even as a devolutive appeal, because his appeal bond, which was for an amount exceeding by one-half the amount of the judgment against him, was not filed within the ten days’ limit for staying execution of the judgment. The judge had granted Ransom both a suspensive and a devolutive appeal, and had ordered him to give a bond “according to law,” meaning for an amount ex
 
 *772
 
 ceeding by one-half the amount of the judgment, for either a suspensive or a devolutive appeal. He gave the bond for more than the amount required by law, but did not file it in time to stay execution of the judgment. This court — erroneously I think — compared the case with cases where the appellant’s error was not in filing his bond too late for a suspensive appeal, but in filing a bond for an amount less than the law required. The court referred to Pelletier v. State National Bank, 112 La. 564, 36 So. 592; Succession of Keller, 39 La. Ann. 579, 2 So. 553; and Keenan v. Whitehead, 15 La. Ann. 333. In Pelletier’s Case and in Keenan’s Case, the appellant’s bond was too small for a suspensive appeal, and the amount was not fixed for a devolutive appeal bond. The ruling in the Pan-American Bank & Trust Company’s -Case was directly contrary to the ruling in Succession of Keller (overruling expressly Reed v. His Creditors, 37 La. Ann. 907); and the ruling in Succession of Keller, was expressly affirmed in Succession of Bey, 47 La. Ann. 223, 16 So. 825; Michenor v. Reinach, 49 La. Ann. 361, 21 So. 552; State ex rel. Robinson Mineral Springs Co. v. King, 49 La. Ann. 1529, 22 So. 806; Weil v. Schwartz, 51 La. Ann. 1548, 26 So. 475; Schwan v. Schwan, 52 La. Ann. 1187, 27 So. 678; Succession of Watt, 111 La. 938, 36 So. 31; and Knoll v. Knoll, 114 La. 705, 38 So. 523.
 

 To say that the order of appeal in this case was indefinite in requiring a bond “according to law” would be
 
 going
 
 beyond all reason. Any one knowing of the provisions of article 576 of the Code of Practice, would say that, for an appeal from a judgment ordering the defendant to deliver to the plaintiff a certain horse, the value of which is estimated by the court and judicially acknowledged by both parties to the suit to be $5,000, if the judge in his order of appeal requires a bond “according to law,” the amount of the bond is $7,-500. That was just as certain and definite in this instance as if the judge had said “for seven thousand and five hundred dollars,” instead of saying “according to law,” in his order of appeal.
 

 I respectfully dissent from the ruling dismissing this appeal.